**UNITED STATES, Appellant,**

v.

**Robert P. PALEO, Defendant, Appellee.**

**No. 90–1774.**

United States Court of Appeals,
First Circuit.

Sept. 14, 1992.

Mark G. Miliotis, by appointment of the Court, with whom Miliotis & McQuade, Boston, MA, was on brief for defendant-appellee.

Carole S. Schwartz, Sp. Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, MA, was on brief for appellant.

Before BREYER, Chief Judge,
ALDRICH, Senior Circuit Judge, and
SELYA, Circuit Judge.

## ORDER OF COURT

The Memorandum and Order of August 18, 1992 is hereby withdrawn. The following Memorandum and Order is issued in lieu thereof.

## MEMORANDUM AND ORDER

The Government, in two separate rehearing petitions, asks us to reconsider our decision permitting an offender, during sentencing proceedings, to attack collaterally (with suggested limitations and qualifications) the constitutionality of predicate offenses used potentially to enhance a sentence imposed under the Armed Career Criminal Act sentence-enhancement statute, 18 U.S.C. § 924(e). The Government gives three sorts of reasons.

1. The Government, after repeatedly characterizing our decision as a holding that *the Constitution* requires courts to permit such collateral attacks, offers a set of arguments to the contrary. The problem with this set of arguments, however, is that we did not rest our holding upon the Constitution, nor did the other circuits whose cases we followed, *United States v. Gallman,* 907 F.2d 639, 642–44 (7th Cir.1990), *cert. denied,* 499 U.S. 908, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991); *United States v. Dickerson,* 901 F.2d 579, 582 (7th Cir.1990); *United States v. White,* 890 F.2d 1033, 1035 (8th Cir.1989); *United States v. Taylor,* 882 F.2d 1018, 1031 (6th Cir.1989), *cert. denied,* 496 U.S. 907, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990); *United States v. Clawson,* 831 F.2d 909, 914–15 (9th Cir.1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988), nor was any constitutional argument made to us. Rather, our opinion, like those of other courts, assumed a statutory, not a constitutional, basis for decision. Federal courts traditionally have exercised broad substantive and procedural powers in sentencing matters. *Mistretta v. United States,* 488 U.S. 361, 364, 390–91, 396, 109 S.Ct. 647, 650, 664, 667, 102 L.Ed.2d 714, 725–26, 742–43, 745–46 (1989). We have found nothing in the sentence enhancement provision, § 924(e), or in the definition provision, § 921(a)(20), or in any other statute, that requires a sentencing court to enhance a sentence in light of an earlier conviction that the sentencing court has determined was imposed in violation of the Constitution.

2. The Government (in its second rehearing petition) says that our last statement is

incorrect. It says that a statutory basis for our decision would be inconsistent with *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), a case in which the Supreme Court held that the substantive crime of being a felon in possession of a firearm, as defined in 18 U.S.C. § 1202(a)(1), included those who are felons in virtue of an *unconstitutional* felony conviction, for example, a breaking and entering conviction obtained at a proceeding in which the defendant *had no lawyer.*

We reject this argument for two independent reasons. First, it comes too late. It is both new and contrary to the Government's concession in its initial brief that prior felony convictions obtained when the defendant *had no lawyer* did *not* count as sentencing predicates under § 924(e), a concession that it rested upon pre-*Lewis* Supreme Court decisions. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

Second, we do not believe the argument is correct on the merits. The Supreme Court, in *Lewis,* recognized that it was interpreting a particular substantive criminal statute with a special purpose, 18 U.S.C. § 1202(a)(1). It said that

> Use of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction, is not inconsistent with *Burgett, Tucker,* and *Loper* [v. *Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), because, in those cases] ... the subsequent conviction or sentence ... depended upon the *reliability* of a past uncounseled conviction.... The federal gun laws, however, focus not on *reliability,* but on the mere fact of conviction, or even indictment ...

*Lewis,* 455 U.S. at 67, 100 S.Ct. at 921–22, 63 L.Ed.2d at 210 (emphases added). Indeed, one can imagine the desirability of having a clear, bright line in respect to gun possession: one who has a felony conviction on the books, a conviction not yet set aside, should simply know not to possess a gun.

We can find no such purpose, however, prominent in the *sentence enhancement* statute. Moreover, the *reliability* of the prior sentence enhancement predicate convictions would seem closely related to the likely congressional reasons for enhancing a present sentence in light of those prior convictions (as the Government initially conceded in respect to uncounseled felony convictions).

Thus, despite *Lewis,* we do not believe the sentence enhancement statute requires a court to consider unconstitutionally obtained (but not yet set aside) convictions as sentencing predicates. And, that being so, we believe the courts have adequate power to determine how allegedly unconstitutional convictions should be treated. *See Mistretta v. United States,* 488 U.S. 361, 390–91, 396, 109 S.Ct. 647, 664, 667, 102 L.Ed.2d 714, 742–43, 745–46 (1989). We therefore join the Ninth Circuit in distinguishing *Lewis. United States v. Clawson,* 831 F.2d 909, 914–15 (9th Cir.1987) ("*Lewis* is inapplicable where prior convictions are used to determine the punishment, rather than to define the offense.").

3. The Government cites several cases, dealing with the Sentencing Guidelines, which it believes are contrary to our conclusion. *United States v. Hewitt,* 942 F.2d 1270, 1275–76 (8th Cir.1991); *United States v. French,* 965 F.2d 67 (6th Cir.1992); *United States v. Canales,* 960 F.2d 1311, 1315–16 (5th Cir.1992); *United States v. Roman,* 960 F.2d 130, 133–34, *reh'g in banc granted,* 968 F.2d 11 (11th Cir.1992); *United States v. Jakobetz,* 955 F.2d 786, 805 (2d Cir.1992), *cert. petition pending; United States v. Cornog,* 945 F.2d 1504, 1511 (11th Cir.1991); *United States v. Avery,* 773 F.Supp. 1400 (D.Or.1991). We agree that these cases interpret a Guideline provision that, in a broad sense, is analogous to the statutory provision before us. But, the Guideline provision arises in a different legal context and uses language critically different from the statute here in question. *Compare* U.S.S.G. § 4A1.2, comment (n. 6) (1990) ("convictions that a defendant shows to have been *previously ruled* constitutionally invalid are not to be counted" in criminal history calculation) (emphasis added) *with* 18 U.S.C. § 924(e)(1) (mandatory minimum sentence for "person who ... has three previous convictions").

The petitions for rehearing are *Denied.*