USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2068 UNITED STATES, Appellee, v. EDWARD ISAACS, Defendant, Appellant. __________ No. 92-2129 UNITED STATES, Appellant, v. EDWARD ISAACS, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Oakes,* Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Miriam Conrad, Assistant Federal Defender, with whom Owen S. ______________ ________ Walker, Chief Federal Defender, was on brief for Edward Isaacs. ______ Fred M. Wyshak, Jr., Assistant U.S. Attorney, and Carole S. _____________________ __________ Schwartz, Special Assistant U.S. Attorney, with whom A. John ________ ________ Pappalardo, United States Attorney, was on brief for the United States __________ of America. ____________________ January 25, 1994 ____________________ _____________________ *Of the Second Circuit, sitting by designation. OAKES, Senior Circuit Judge. This case consists _____________________ of cross appeals from a judgment of the United States District Court for the District of Massachusetts, Rya W. Zobel, Judge. The Government appeals both the decision of _____ the court to entertain a collateral challenge to the constitutionality of a prior conviction at sentencing and the decision of the court that the prior conviction was constitutionally invalid. The defendant, Edward Isaacs, appeals his conviction on the basis that the district court improperly allowed into evidence an indictment against his father and cousins and improperly allowed him to be cross- examined concerning his knowledge of his relatives' alleged loansharking enterprise. For the reasons below, we reverse the district court's decision that it had the power to review the constitutionality of Isaacs' prior conviction and affirm its decision to admit the indictment against his father into evidence and to allow him to be questioned about the activities of his relatives. BACKGROUND __________ Isaacs was convicted of one count of conspiracy and one count of using extortionate means to attempt to collect a loan, in violation of 18 U.S.C. 2 and 894(a) (1988). According to the Government, racketeering and loansharking was something of a family business. Isaacs got involved in the "business" after his father, Leonard, was 2 indicted, placed under house arrest, and developed health problems. Isaacs' conviction is based on his dealings with one of his father's alleged loansharking victims, Robert Ayala. Ayala had borrowed $2,500 from Leonard in November of 1990 and had been making weekly interest payments of $100 (for an interest rate of 208% per year). Isaacs contacted Ayala in July of 1991, after Ayala had stopped making payments, to pressure Ayala to pay off the entire loan. Ayala eventually sought help from the authorities and agreed to help record conversations with Isaacs. Isaacs was tried before a jury and convicted. The Government's evidence included several recordings of conversations that supported the allegations of extortion. In addition, there was proof that Isaacs broke into Ayala's home and threatened Ayala with a pistol in front of his three small children. At sentencing, the district court increased Isaacs' offense level under the United States Sentencing Guidelines (the "Sentencing Guidelines" or "Guidelines" or "U.S.S.G") by two points for perjury and intimidation of a witness and then refused Isaacs' request for a downward departure based on his history of abuse at the hands of his father. However, the court allowed Isaacs 3 to challenge a 1980 burglary conviction1 that would have resulted in his being classified as a career offender, instead of receiving a Criminal History Category of III. Isaacs argued that he had not received effective assistance of counsel in his earlier case because his attorney did not object to having the case transferred from juvenile to adult court at a certification hearing. The district court found that Isaacs had demonstrated by a preponderance of the evidence that his prior conviction was unconstitutional and refused to consider either the conviction or the underlying conduct as a basis for changing Isaacs' Criminal History Category. As a result, Isaacs faced 97 to 121 months imprisonment rather than 210 to 262 months and was sentenced to 108 months. DISCUSSION __________ This case raises three issues. First, we consider whether U.S.S.G. 4A1.2 gives a sentencing court discretion to allow a defendant to challenge the constitutional validity of a prior conviction that is being used to enhance his or her Criminal History Category. Second, we address the question whether Isaacs had a constitutional right to ____________________ 1Isaacs was arrested in August of 1980 and charged with several burglaries that occurred during June and July. Isaacs was 17 at the time and was not living at home. 4 challenge his prior conviction at sentencing. Finally, we evaluate Isaacs' contention that the district court committed reversible error in admitting evidence of his relatives' alleged criminal behavior. I. The Government's Appeal _______________________ A. Section 4A1.2 of the Sentencing Guidelines __________________________________________ The Government contends that the Sentencing Guidelines do not provide a sentencing court independent authority to permit a collateral challenge to the constitutionality of a prior conviction where the prior conviction is being used to compute a defendant's Criminal History Category. We agree. The dispute over this issue concerns Comment 6 to 4A1.2, and, in particular, a 1990 amendment to the Guidelines that altered Comment 6 and added a background note to the comment section. Prior to the 1990 amendment, Comment 6 to 4A1.2 of the Guidelines stated: Invalid Convictions. Sentences ______________________ resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Any other sentence resulting in a valid conviction is to be counted in the criminal history score. Convictions which the defendant shows to ________________________________________ have been constitutionally invalid may ________________________________________ 5 not be counted in the criminal history ________________________________________ score. Also, if to count an uncounseled _____ misdemeanor conviction would result in the imposition of a sentence of imprisonment under circumstances that would violate the United States Constitution, then such conviction shall not be counted in the criminal history score. Nonetheless, any conviction that is not counted in the criminal history score may be considered pursuant to 4A1.3 if it provides reliable evidence of past criminal activity. U.S.S.G. 4A1.2, comment (n.6) (Nov. 1, 1989) (second emphasis added). The courts which interpreted this Comment uniformly found that the Guidelines authorized or required the constitutional review of prior convictions at sentencing. See, e.g., United States v. Mims, 928 F.2d 310, ___ ____ _____________________ 312 (9th Cir. 1991); United States v. Edwards, 911 F.2d __________________________ 1031, 1035 (5th Cir. 1990); United States v. Jones, 907 F.2d ______________________ 456, 460-69 (4th Cir. 1990), cert. denied, 498 U.S. 1029 _____ ______ (1991). However, the Sentencing Commission amended the comment section for 4A1.2 in 1990, thereby reopening the question whether the Guidelines provide district courts with independent authority to review the constitutionality of prior convictions. Cf. Stinson v. United States, ___ U.S. ___ _________________________ ___, 113 S. Ct. 1913 (1993) (Interpretive commentary in Guidelines is binding authority for federal courts even when contrary to prior judicial interpretation of Guidelines). Comment 6 to 4A1.2 as thus amended provides: 6 Reversed, Vacated, or Invalidated ________________________________________ Convictions. Sentences resulting from ___________ convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Also, sentences resulting from convictions that a defendant shows to have been previously __________ ruled constitutionally invalid are not _____ to be counted. Nonetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to 4A1.3 (Adequacy of Criminal History Category). U.S.S.G. 4A1.2, comment (n.6) (Nov. 1, 1991) (second emphasis added). In short, Comment 6 no longer deals with collateral challenges at all, but simply instructs the sentencing court to disregard convictions that have been "previously ruled unconstitutional." Nevertheless, a background note added to the comment section at the same time states in pertinent part: The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction. The courts that have assessed the revised comment section to 4A1.2 have accordingly divided on whether the Guidelines continue to authorize the review of prior convictions. Compare United States v. Byrd, 995 F.2d 536 _______ ______________________ (4th Cir. 1993) (Wilkins, J.) (Guidelines add no independent power for collateral review; Constitution mandates review only in certain limited circumstances), United States v. _________________ 7 Roman, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (per _____ curiam) (Guidelines add no independent power for collateral review; Constitution mandates review only if conviction "presumptively void") and United States v. Hewitt, 942 F.2d ___ _______________________ 1270, 1276 (8th Cir. 1991) (amendment to Comment 6 demonstrates Commission's intent to disallow challenges to prior convictions; no discussion of the added background note) with United States v. McGlocklin, No. 91-6121, 1993 ____ ____________________________ U.S. App. LEXIS 23841, at *16 n.7 (6th Cir. Sept. 17, 1993) (Comment 6 is consistent with the inherent authority of district courts to allow attacks on prior convictions), United States v. Canales, 960 F.2d 1311, 1315 (5th Cir. _________________________ 1992) (background note demonstrates that Commission intended to allow sentencing court some discretion in whether to allow challenges to prior convictions) and United States v. ___ ________________ Jakobetz, 955 F.2d 786, 805 (2d Cir.) ("[w]hile defendants ________ may always present the sentencing court with evidence that another court has ruled their prior convictions invalid and hence unsuitable for consideration as part of the criminal history score at sentencing, the court also retains discretion to determine whether a defendant may mount an initial challenge to the validity of such convictions."), cert. denied, ___ U.S. ___, 113 S. Ct. 104 (1992); and cf. _____ ______ ___ ___ United States v. Vea-Gonzales, 986 F.2d 321, 325-29 (9th ______________________________ Cir. 1993) (Guidelines ambiguous on right of sentencing 8 court to allow collateral attacks on prior convictions but Constitution makes right of attack mandatory) amended and ___________ superseded 999 F.2d 1326 (9th Cir. 1993). __________ The First Circuit has not addressed this precise question, although this court has decided that a defendant may attack the constitutional validity of a state conviction when facing the enhancement provisions of the Armed Career Criminal Act ("ACCA"). United States v. Paleo, 967 F.2d 7, _______________________ 11-12 (1st Cir. 1992). In response to a petition for rehearing in Paleo, however, this court stated that the _____ language of Comment 6 to 4A1.2 was "critically different" from the language of the ACCA. United States v. Paleo, No. _______________________ 90-1774, 1992 WL 545126, at *2 (1st Cir. Sept. 18, 1992) (memorandum and order denying petitions for rehearing). Nonetheless, the Paleo panel did not directly address the _____ question whether a sentencing court has discretion under the Guidelines to allow a collateral attack on a prior conviction. The Government asks this court to accept the Roman _____ and Hewitt courts' interpretation of 4A1.2 and find that ______ the revised Comment 6, the commentary applicable to this case, is intended to preclude collateral review of prior 9 convictions. We find this view persuasive.2 The 1990 amendment to Comment 6 removed the language that served to authorize first time collateral review of prior convictions and replaced it with language permitting review only of convictions "previously ruled invalid." As the Eleventh Circuit recognized in Roman, "[n]o language now in Note 6 _____ authorizes collateral review." Roman, 989 F.2d 1117, 1119. _____ The problem is, of course, more difficult by virtue of the appended background note which leaves "for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." We believe that this note does not provide an independent basis for the review of prior convictions, given the revised language of Comment 6 itself. Instead, the background note may be best understood as a signal, somewhat faint to be sure, that the Sentencing Commission had not attempted to resolve whether the Constitution requires a sentencing court to review the constitutionality of a prior conviction that is being used to enhance a sentence -- an issue we address below. As the Roman court stated, "[t]he Background Comment _____ ____________________ 2The Commission's explanation for the amendment states unhelpfully that the amendment "clarifies the circumstances under which prior sentences are excluded from the criminal history score." U.S.S.G. App. C, Amendment 353, at 171. The focus of the amendment explanation appears to be the addition of uncounseled misdemeanor convictions to those convictions that are used to determine the criminal history score. Id. ___ 10 does not change [Comment 6's] meaning, but recognizes that - - apart from the sentencing guidelines -- the Constitution bars federal courts from using certain kinds of convictions at sentencing." Id.3 __ B. Constitutional Considerations _____________________________ Although the district court based its decision to review the constitutionality of Isaacs' prior conviction on the mistaken belief that the Guidelines authorized such a review, we must still address Isaacs' contention that the Constitution guarantees the right to challenge collaterally prior convictions at sentencing. In opposition to Isaacs' position, the Government advocates the position taken by the Eleventh Circuit in Roman -- that the Constitution does not _____ require sentencing courts to permit defendants to make a ____________________ 3A recent amendment to the comment section of 4A1.2 suggests that the Commission did not intend the Guidelines to provide an independent basis for a sentencing court to review the constitutionality of prior convictions. See ___ U.S.S.G. 4A1.2, comment (n.6) (Nov. 1, 1993). The amendment directly confronts the "inter-circuit conflict in interpreting the commentary by stating more clearly that the Commission does not intend to enlarge a defendant's right to attack collaterally a prior conviction at the current sentencing proceeding beyond any right otherwise recognized in law." Proposed Amendment 20 to the Sentencing Guidelines, Policy Statements, and Official Commentary (April 30, 1993). Despite this clear statement of intent, we note that the amendment did not go into effect until November 1, 1993. Thus, we do not rely on the amendment to hold that the Guidelines do not provide independent authority for collateral review of prior convictions. 11 collateral challenge to prior convictions at sentencing unless the alleged constitutional error is so grave as to make the prior conviction "presumptively void." The Government further contends that Isaacs' challenge to his prior conviction does not meet the "presumptively void" criteria.4 We begin by observing that the Supreme Court has so far declined to consider whether due process requires "state courts to permit challenges to guilty pleas used for enhancement purposes." Parke v. Raley, 113 S. Ct. 517, 523 _______________ (1992) (due process clause permits state to impose burden of production on recidivist defendant who challenges validity of prior conviction under Boykin v. Alabama, 395 U.S. 238 __________________ (1969)). Nonetheless, both Isaacs and the Government contend that guidance on this issue can be found in an analysis of two Supreme Court cases handed down prior to the implementation of the Sentencing Guidelines: United States _____________ ____________________ 4The government also argues that the interests of comity and judicial economy suggest that prior convictions should not be reviewed at sentencing. These arguments do not hold as much water as they might since they have been rejected already by this court in Paleo. As the Paleo court _____ _____ recognized, "`comity' considerations are absent (or less weighty) . . . when a federal court refuses to rely on a state conviction as a basis for imposing a federal sentence for a federal crime." Paleo, 967 F.2d at 12. Similarly, _____ judicial economy is not a reason to preclude collateral review because this concern can be dealt with by placing the burden of proof on the defendant. Id. at 12-13. ___ 12 v. Tucker, 404 U.S. 443 (1972), and Burgett v. Texas, 389 _________ _________________ U.S. 109 (1967). Tucker involved a collateral challenge under 28 ______ U.S.C. 2255 to a sentence based in part on two previous convictions later shown to have been obtained in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). It had been _____________________ "conclusively determined" in a collateral state court proceeding that the prior convictions were "constitutionally invalid." Tucker, 404 U.S. at 444-45. The Tucker Court ______ ______ held that the case should be remanded to the district court for reconsideration of the sentence imposed upon the defendant because the sentence was "founded at least in part upon misinformation of constitutional magnitude." Id. at ___ 447. As the Tucker Court explained, "the real question here ______ is not whether the results of the . . . proceedings might have been different if the respondent had had counsel, but whether the sentence . . . might have been different if the sentencing judge had known that . . . the respondent's previous convictions had been unconstitutionally obtained." Id. at 448. ___ The Tucker Court's holding does not provide a ______ basis for finding that a defendant has a right to challenge prior convictions at sentencing for the first time. Tucker ______ addresses the situation where prior convictions that are used to enhance a sentence have been found previously to be 13 unconstitutional -- not the situation addressed here, where the prior conviction has not previously been found unconstitutional. Tucker thus does not aid us. ______ Burgett, which also addressed a Gideon violation, _______ ______ is more relevant. In the Burgett case, the defendant _______ challenged a sentence enhancement based on a prior conviction that on its face appeared to be unconstitutional, though there had been no prior determination that it was in fact unconstitutional. The certified copy of the judgment offered by the Government at trial to prove the conviction in question stated that the defendant had been without counsel. The Burgett Court held that it would be improper _______ to presume from a silent record that the defendant had waived his right to counsel and that, therefore, the judgment of conviction raised "a presumption that petitioner was denied his right to counsel." Burgett, 389 U.S. at 114. _______ In language that foreshadows the decision in Tucker, the ______ Burgett Court went on to say that "[t]o permit a conviction _______ obtained in violation of Gideon v. Wainwright to be used ____________________ against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." Id. at 115. ___ We agree with the Eleventh Circuit's Roman _____ decision that the appropriate rule to be teased from Burgett _______ is that the Constitution requires a review of the 14 constitutionality of prior convictions at sentencing only where the prior conviction is "presumptively void."5 989 F.2d at 1120. The Roman court, however, was not required to _____ and did not reach the question of what kinds of convictions are "presumptively void." We examine that additional question to determine whether the district court was required to review Isaacs' ineffective assistance of counsel claim. The Government suggests that "presumptively void" convictions may include a claim of lack of counsel but not ____________________ 5In a thoughtful concurring opinion in Roman, Chief Judge _____ Tjoflat disagreed with the "presumptively void" test and suggested instead that the sentencing court must entertain a constitutional challenge to a prior conviction only if "(1) the offender denies the conduct, and (2) the objection undermines the presumption associated with the conviction." 989 F.2d at 1129. We do not adopt the two-part test recommended by Chief Judge Tjoflat primarily because we do not think it appropriate to require a defendant to deny the underlying conduct of a prior conviction in order to challenge the use of the conviction under 4A1.2. When confronted with a similar argument, concerning a defendant unconstitutionally convicted but allegedly guilty of the underlying conduct of the conviction, the Tucker Court replied that "[i]t would be ______ . . . callous to assume, now that the constitutional invalidity of the respondent's previous convictions is clear, that the trial judge will upon reconsideration `undoubtedly' impose the same sentence he imposed in 1953." Tucker, 404 U.S. at 449 n.8. Citing Burgett, the Tucker ______ _______ ______ Court also expressed a concern that the use of an unconstitutional conviction to enhance a sentence would erode the violated constitutional principle. Id. at 449. ___ Moreover, the Sentencing Guidelines already provide a sentencing court with the authority to impose a sentence that reflects prior criminal conduct not taken into account by valid prior convictions. See U.S.S.G. 4A1.3, ___ p.s. (Adequacy of Criminal History Category). 15 ineffective assistance of counsel, citing United States v. ________________ Custis, 988 F.2d 1355 (4th Cir. 1993). In Custis, the ______ ______ Fourth Circuit found that the Gideon violations at issue in ______ Burgett and Tucker were "different in kind" from the _______ ______ ineffective assistance of counsel claims, noting that lack of counsel claims "will ordinarily lend themselves to facial review from the state court documents offered by the government to establish the conviction." Id. at 1360-61. ___ Although we agree with the outcome the Government recommends, we think it necessary to clarify the appropriate test to determine whether a conviction is "presumptively void." As an initial matter, a prior conviction is "presumptively void" if a constitutional violation can be found on the face of the prior conviction, without further factual investigation. Contrary to the Government's position, the Burgett Court did not rest its decision on the _______ difference between lack of counsel claims and ineffective assistance of counsel claims -- a distinction that generally has not been meaningful since Powell v. Alabama, 287 U.S. _________________ 45, 57 (1932). See McMann v. Richardson, 397 U.S. 759, 771 ___ ____________________ n.14 (1970). Instead, we note that the Burgett decision was _______ based on a judgment facially showing lack of any counsel and that most claims of inadequacy of counsel are unlikely to meet its "presumptively void" test. Indeed, even as to lack 16 of counsel, the Supreme Court in Parke noted that "[a]t the _____ time the prior conviction at issue in Burgett was entered, _______ state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess." Parke, 113 S. Ct. at 524. _____ Under limited circumstances, however, a conviction may be "presumptively void" even if a constitutional violation cannot be found on the face of the prior conviction. The Supreme Court has recognized that some constitutional violations are so serious as to undermine the reliability of an entire criminal proceeding. Rose v. _______ Clark, 478 U.S. 570, 577-578 (1986) ("Without these basic _____ protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair."). Such violations, termed "structural errors," are not subject to "harmless error" analysis. Sullivan v. Louisiana, No. 92-5129, 61 U.S.L.W. 4518, 4519 _____________________ (June 1, 1993) (erroneous jury instruction on reasonable doubt); see also Arizona v. Fulminante, 111 S. Ct. 1246, ________ _____________________ 1265 (1991) (opinion of Rehnquist, C.J., for the Court) (listing as examples of errors that are not subject to harmless error analysis: total deprivation of the right to counsel at trial; judicial bias; unlawful exclusion of 17 members of the defendant's race from a grand jury; deprivation of the right to self-representation at trial; and deprivation of the right to a public trial). Where an offender challenges the validity of a prior conviction on "structural" grounds, therefore, a district court should entertain the challenge whether or not the error appears on the face of the prior conviction.6 We conclude that the district court should not have entertained Isaacs' challenge to the prior conviction. First, Isaacs' challenge required the district court in this case to go beyond the evidence of conviction presented by the Government and conduct a factual investigation. Second, Isaacs did not challenge his prior conviction on structural grounds. It is of course well settled that ineffective assistance of counsel claims are subject to "harmless error" review. Strickland v. Washington, 466 U.S. 668 (1984). _________________________ Absent facial invalidity or an allegation of a "structural error," Isaacs' prior conviction is not "presumptively ____________________ 6We note that this approach is consistent with the test recently formulated by the Fourth Circuit. In Byrd, the ____ Fourth Circuit held that "district courts are obliged to hear constitutional challenges to predicate state convictions in federal sentencing proceedings only when prejudice can be presumed from the alleged constitutional violation, regardless of the facts of the particular case; and when the right asserted is so fundamental that its violation would undercut confidence in the guilt of the defendant." Byrd, 995 F.2d at 540. ____ 18 void." Hence, the district court should not have entertained Isaacs' challenge.7 II. Isaacs' Appeal ______________ Isaacs appeals the district court's decision to admit into evidence at trial an indictment brought against his father and cousins regarding his father's loansharking operation. In addition, Isaacs challenges the Government's examination of witnesses that brought out evidence of Isaacs' family's criminal activity. These arguments are unpersuasive. Although the admitted evidence had the potential of prejudicing Isaacs on the basis of the bad acts of others, the evidence was quite relevant. See Fed. R. Evid. 403 (relevant evidence excluded ___ only if probative value is "substantially outweighed" by danger of unfair prejudice). As the Government argues, the indictment provides a context to the statements made by Isaacs to Ayala, a motive for Isaacs' actions, and evidence ____________________ 7We need not respond to the government's additional contention that the district court erred in determining that Isaacs' right to effective assistance of counsel was violated at his 1980 certification hearing because we find that the court should not have addressed the constitutionality of the prior conviction. Nor, in these circumstances, need we anticipate the applicability of a variation of the "procedural default" test for obtaining collateral review of a prior conviction. See, e.g., United ___ ____ ______ States v. Frady, 456 U.S. 152, 166 (1982) (affirming "the ________________ well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). 19 of the requisite intent. Moreover, the district judge provided several warnings to the jury to limit the potentially improper effect of the evidence. For example, the trial judge charged the jury that "[t]here is no evidence that anybody before you in that [Leonard Isaacs' case] has been convicted. It serves as background to this case to say that Mr. Leonard Isaacs was accused of these events, together with some other people." Likewise, the cross-examination of Isaacs regarding his knowledge of his family's alleged criminal activities did not improperly prejudice him. Isaacs testified that his contact with Ayala was not extortionate and that he did not conspire with his father to collect the debt. The questions asked by the Government concerning Isaacs' knowledge of his family's alleged loansharking activity directly confronted this testimony and were therefore proper. Finally, given the substantial evidence of guilt provided by the tape recordings of conversations between Isaacs and Ayala and the evidence provided by Ayala's nine- year-old daughter, who testified that Isaacs used his own gun in rebuttal to Isaacs' testimony that he was examining a gun owned by Ayala, any error in this regard was harmless. CONCLUSION __________ 20 Accordingly, the judgment of the district court is reversed in part and affirmed in part. We remand for resentencing consistent with this opinion. 21 TORRUELLA, Circuit Judge (Dissenting in part). I _____________ agree with the majority's lucid treatment of the collateral attack issue, and believe that it is an important addition to our jurisprudence. Unfortunately, I cannot endorse the entire opinion. The majority summarily dismisses appellant's arguments concerning the alleged 404(b) evidence. On close examination, however, the 82 page indictment of appellant's father and other relatives, which did not mention appellant, was unfairly prejudicial and should have been excluded under Federal Rule of Evidence 403. Appellant deserves a new trial on the merits. I begin with a preliminary matter. While the majority does not cite Rule 404(b), it uses the Rule's language when it states that the "bad acts" could be used to show "motive" and "intent." Furthermore, the parties argued extensively under the Rule. While I assume, thus, that Rule 404(b) is a part of the opinion, it should not be. Rule 404(b) excludes the use of other crimes, wrongs or acts in order to show a defendant's character and action in conformity with it. Such evidence must be crimes, wrongs or acts committed by the defendant or by the person ________________ who is sought to be impeached. United States v. David, 940 _____________ _____ F.2d 722, 736 (1st Cir. 1991) ("Objections based on Rule 404(b) may be raised only by the person whose 'other crimes, wrongs, or acts' are attempted to be revealed"); United ______ -19- 19 States v. Gonz lez-S nchez, 825 F.2d 572, 583 (1st Cir. ______ ________________ 1987) ("Rule 404(b) does not exclude evidence of prior crimes of persons other than the defendant"). In the present case the allegedly 404(b) evidence refers to evidence introduced of other crimes, wrongs or acts by persons other than appellant. It is thus inadmissible under __________ that rule. The inapplicability of Rule 404(b) notwithstanding, the prejudicial impact of the indictment substantially outweighed any probative value. It tarnished appellant merely because of his relationship with its targets, and because of its sheer weight. The indictment required over eighty pages and forty-nine counts to detail the scope of the father's racketeering operation, which involved eleven victims, hundreds of thousands of dollars, extortionate collection schemes, and illegal debts. To be sure, it was a formidable document describing a formidable criminal scheme. However, it did not implicate appellant in that scheme in any way. The danger that the jury would associate appellant with the scheme was too great to justify admission of the indictment. United States v. St. Michael's _____________ _____________ Credit Union, 880 F.2d 579, 601-02 (1st Cir. 1989) (evidence ____________ concerning prior bad acts of father was impermissibly prejudicial when defendant was not implicated in them). In -20- 20 short, I believe that the majority has discounted the real danger of guilt by association in this case. The majority contends that the indictment was relevant to show context, motive and intent. While I grant that information concerning Mr. Isaacs disability bore at least some relevance to show motive, I cannot fathom any need to introduce the indictment itself to bring out this point. The use of the indictment was unfairly inflammatory when compared with whatever minimal probative impact it might hold. It was an abuse of discretion for the district court to admit the evidence. -21- 21