59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Douglas ABRAHAMS, Defendant, Appellant.
 No. 94-2132.
 United States Court of Appeals,
First Circuit.
 July 6, 1995.
 
 Roger A. Cox on brief for appellant.
 D.N.H.
 AFFIRMED.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Abrahams pled guilty to conspiring to possess cocaine with intent to distribute and to distribute cocaine in violation of 21 U.S.C. Sec. 846 and was sentenced to serve 92 months in a federal prison. He appealed from his sentence. After this court appointed Attorney Roger Cox as appellate counsel, Cox filed a brief under Anders v. California, 386 U.S. 738 (1967), on the ground that he had been unable to identify any meritorious ground for appeal. Cox also filed a motion to withdraw as Abrahams' counsel, notifying Abrahams of his right to file a separate brief. Abrahams has not filed a brief, and the deadline for doing so has now passed.
 
 
 2
 We agree that this appeal presents no meritorious issues, and so we affirm the sentence. The record indicates that Abrahams did not believe that he should receive the enhanced base offense level accorded career offenders under the United States Sentencing Guidelines Manual Sec. 4B1.1 (Nov. 1993). Relying on Abrahams' previous convictions for robbery in Maine and for assault and battery with a dangerous weapon in Massachusetts, the probation officer found that Abrahams was a career offender within the meaning of Sec. 4B1.1 and so enhanced Abrahams' base offense level under that guideline.[2] In a letter to the probation officer, Abrahams' counsel objected to the use of those convictions to establish Abraham's career offender status. According to counsel, Massachusetts had reneged on a plea agreement promising Abrahams a concurrent sentence on the Massachusetts charge if he pled guilty to both the Maine and Massachusetts charges. Counsel also stated that no mittimus had ever been filed in the Massachusetts conviction.
 
 
 3
 At sentencing, counsel reasserted his objection based on Massachusetts' alleged violation of its plea agreement with Abrahams, although his objection may have been limited to the Maine conviction. Citing Custis v. United States, 114 S. Ct. 1732, 1735-36, 1738-39 (1994), the court overruled the objection because Abrahams had been represented by counsel in those convictions. In Custis, the Supreme Court held that the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), did not specifically permit any such collateral attack, and it declined to imply any such right under the statute. Id. at 1735-36. The Court also held that defendants could attack a prior state court conviction used for sentence enhancement under the Constitution only if they had not been represented by counsel at all in connection with the prior conviction. Id. at 1738.
 
 
 4
 The district court correctly found that Custis foreclosed any constitutionally based collateral attack on Abrahams' prior state convictions at his sentencing. According to the presentence report, Abrahams had been represented by counsel in both the Maine and Massachusetts convictions. His counsel affirmed that fact at the sentencing hearing. In addition, the Sentencing Guidelines do not independently permit collateral attack on prior state convictions used to establish career offender status under guideline Sec. 4B1.1. Guideline Sec. 4A1.2 applies in counting convictions under Sec. 4B1.1. See USSG Sec. 4B1.2, comment. (n.4). Application note 6 of that guideline states that "this guideline and commentary do not confer upon the defendant any right to attack collaterally [in a current sentencing proceeding] a prior conviction or sentence beyond any such rights otherwise recognized in law[.]" At sentencing, counsel did not assert that any other statute, rule or regulation independent of the Guidelines gave Abrahams any such right, and, as noted, the Constitution conferred no such right on Abrahams here. See United States v. Munoz, 36 F.3d 1229, 1337 (1st Cir. 1994) (the constitutional question resolved in Custis is the same under the sentencing guidelines as under the Armed Career Criminal Act), cert. denied, 115 S. Ct. 1164 (1995).
 
 
 5
 Accordingly, the court did not err in accepting the probation officer's determination that Abrahams was a career offender within the meaning of Sec. 4B1.1. See United States v. Garcia, 42 F.3d 573, 578-81 (10th Cir. 1994); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (both concluding, on the basis of application note 6 in the 1993 USSG Manual, that a defendant, who had been found to be a Sec. 4B1.1 career offender had no right to collaterally attack his prior convictions where he had been represented by counsel in those convictions and had not pointed to any other law that would authorize such a challenge); compare United States v. Isaacs, 14 F.3d 106, 109- 10 & n.3 (1st Cir. 1994) (after 1990, application note 6 precluded collateral review of prior convictions at sentencing), limitation on other grounds recognized in United States v. Cordero, 42 F.3d 697, 701 (1st Cir. 1994).
 
 
 6
 We have reviewed the transcripts of Abrahams' plea hearing and sentencing hearing carefully and have found no error that would warrant this appeal. Since Cox has complied with all requirements of Loc. R. 46.4(a), we hereby grant his motion to withdraw as counsel and affirm Abrahams' sentence.
 
 
 7
 It is so ordered. @
 
 
 
 [2]
 The convictions were a June 25, 1984 conviction for robbery in Cumberland County, Maine, and an April 15, 1988 conviction for assault and battery by means of a dangerous weapon in Newburyport, Massachusetts