UNITED STATES, Appellee,

v.

Joseph BURKE, Defendant, Appellant.

No. 95–1010.

United States Court of Appeals,
First Circuit.

Heard Sept. 11, 1995.
Decided Sept. 29, 1995.

Rosemary Curran Scapicchio, for appellant.

Dina Michael Chaitowitz, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for the United States.

Before STAHL, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

LEVIN H. CAMPBELL, Senior Circuit Judge.

Defendant Joseph Burke appeals from an order of the United States District Court for the District of Massachusetts (the "Massachusetts federal court") sentencing him to imprisonment for ten years, this sentence to run consecutively to another federal sentence imposed by the United States District Court for the Middle District of Florida (the "Florida federal court"), which Burke is now serving. Burke committed the instant drug offense while serving the earlier sen-

tence. Section 5G1.3(a) of the United States Sentencing Guidelines requires that a consecutive sentence be imposed for offenses committed while a defendant is serving another term of imprisonment.

At his sentencing hearing before the Massachusetts federal court, Burke argued that his ongoing Florida federal court sentence was illegal.[1] Burke urged the Massachusetts federal court to recognize this purported illegality, and use its discretion to depart from section 5G1.3(a)'s consecutive sentence requirement. Burke contended that a concurrent sentence would ameliorate the prior error. The Massachusetts federal court rejected Burke's argument and imposed a consecutive sentence stating: "I disagree that I have the discretion. . . . A cognate United States District Court has acted. I don't sit in judgment on its judgments." On appeal from the latter sentence, Burke claims that the court's belief that it lacked discretion to impose a concurrent sentence in these circumstances was erroneous.

■ We disagree. Section 5K2.0 of the Sentencing Guidelines states that a court may depart from the Guideline sentence if ". . . there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. . . ." The Massachusetts federal court correctly ruled that the mere claimed illegality of a prior sentence imposed by another federal court presents by itself no such circumstance.

■ The proper way to challenge the legality of a prior federal sentence would be to bring an appropriate direct or collateral attack in the federal district court that had jurisdiction over that sentence. *See Custis v. United States,* —— U.S. ——, ——, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994). Burke argues that he did not ask the Massachusetts

federal court to vacate the sentence imposed by the Florida federal court, but simply pointed out the sentence's illegality in order to encourage the Massachusetts federal court to use its discretion to order a concurrent sentence. Necessarily, however, Burke's contention would require the Massachusetts federal court to ascertain collaterally whether the sentence of the Florida federal court which he is now serving was illegal. The court correctly declined to make such an inquiry.

■ In *United States v. Paleo,* 967 F.2d 7, 11 (1st Cir.1992), this Court held that "a federal defendant may challenge, in a sentencing proceeding, the constitutional validity of past convictions, used to increase his federal sentence." However, *Paleo* was narrowed by *United States v. Isaacs,* 14 F.3d 106, 108–110 (1st Cir.1994). In holding that Comment 6 to section 4A1.2 of the Sentencing Guidelines no longer expressly authorized the collateral review of prior convictions used in calculating a defendant's criminal history category, the *Isaacs* court also ruled that the Constitution did not guarantee the right to review prior convictions except those found to be "presumptively void."[2] *Id.* at 110–112. This holding in *Isaacs* was further narrowed by the Supreme Court in *Custis,* —— U.S. at ——, 114 S.Ct. at 1738. In *Custis,* the Court refused "to extend the right to attack collaterally prior convictions used for sentence enhancement [under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ] beyond the right to have appointed counsel. . . ." *Id.* See also *United States v. Munoz,* 36 F.3d 1229, 1237 (1st Cir.1994); *United States v. Cordero,* 42 F.3d 697, 701 (1st Cir.1994). Although *Custis* and *Paleo* involved challenges to predicate convictions under the Armed Career Criminal Act, while *Isaacs* and the present case involve challenges to predicate

1. He argued that the Florida federal court erred in sentencing him to consecutive sentences. Burke had committed six armed bank robberies in Florida. Two of the robberies were committed after implementation of the Sentencing Guidelines, while four robberies were committed before the Sentencing Guidelines went into effect. The Florida federal court sentenced Burke to 63 months on the Guideline counts and a consecutive term of 25 years on the non-Guide-

line counts. Burke did not appeal from this sentence.

2. The *Isaacs* court found that "presumptively void" convictions are those in which a constitutional violation is obvious on the face of the prior conviction and those with "structural errors" which are so serious as to undermine the reliability of an entire criminal proceeding. 14 F.3d at 111–112.

convictions under the enhancement and consecutive sentencing provisions of the Sentencing Guidelines, the underlying issues are much the same. In particular, the *Custis* Court emphasized that "when Congress intended to authorize collateral attacks on prior convictions at the time of sentencing, it knew how to do so." —— U.S. at ——, 114 S.Ct. at 1736. Hence, absent specific language allowing collateral attack, none is permitted in a sentencing proceeding except as respects the appointment of counsel. *Id.* Because the Guidelines and related materials make no provision for a collateral attack upon the prior conviction forming a predicate sentence under section 5G1.3(a), Burke had no right at the sentencing hearing held below to challenge collaterally the legality of the Florida federal court's sentence.

To rule otherwise would hopelessly complicate sentencing under the federal Guidelines. In *Custis*, referring to collateral review of state convictions, the Supreme Court noted that such an outcome "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States." *Id.* at —— - ——, 114 S.Ct. at 1738–1739. For federal sentences, the records may be more accessible, but the complexity and delay would nonetheless be considerable. Moreover, to reexamine the legality of a sentence imposed in another federal jurisdiction without participation by the parties involved in the earlier case could easily lead to error, and would strain the relations between coordinate courts in the federal system. Additionally, the finality doctrine that serves to conserve scarce judicial resources and promote efficiency would be compromised. Quoting its prior opinion in *United States v. Addonizio*, 442 U.S. 178, 184 n. 11, 99 S.Ct. 2235, 2240 n. 11, 60 L.Ed.2d 805 (1979), the *Custis* Court cautioned that " '[i]nroads on the concept of finality tend to undermine confidence in the

integrity of our procedures' and inevitably delay and impair the orderly administration of justice." —— U.S. at ——, 114 S.Ct. at 1739.

If, as alleged, Burke believed that his Florida federal court sentence was illegal, his most obvious course was to have pursued his direct appeal remedy. Having failed to do so, Burke may now find it harder to challenge the legality of that sentence, although in some circumstances he may be able to do so. Title 28 U.S.C. § 2255, for example, could on an appropriate occasion afford a remedy, although we are not in a position to know whether Burke would fit within that statute here.[3] At Burke's sentencing hearing, the Massachusetts federal court thoughtfully indicated that "if through some sort of collateral or direct attack [Burke's counsel] can tip over or get a recomputation of the Florida sentence, then ... I would revisit the issue of the timing and the credit to be adopted in this sentence." This offer was consonant with that of the Supreme Court in *Custis*, —— U.S. at ——, 114 S.Ct. at 1739.

*Affirmed.*

---

3. We emphasize that regardless of whether Burke is able to find a way to challenge the legality of his prior sentence, he may not challenge its legality in the present Massachusetts federal court sentencing proceeding, involving a different crime. *See United States v. Field*, 39

F.3d 15, 18–19 (1st Cir.1994) (defendant not permitted to collaterally attack prior state court conviction offered as a predicate for another sentence notwithstanding the absence of any means to attack it either in state court or on federal habeas corpus review).