**UNITED STATES of America, Plaintiff,**

**v.**

**David GOVEO–SANTIAGO, Defendant.**

**Crim. No. 95–124 (DRD).**

United States District Court, D. Puerto Rico.

Oct. 16, 1995.

Carlos Noriega–Rodriguez, Hato Rey, PR, for defendant.

Stephen W. Muldrow, U.S. Attorney's Office, District of P.R., Criminal Division, Hato Rey, PR, for plaintiff.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Defendant, David Goveo–Santiago, has requested that the Court revisit the findings of Magistrate Judge J. Antonio Castellanos of April 27, 1995 ordering that defendant be detained without bail. The Magistrate

Judge concluded that defendant, David Goveo–Santiago, is a risk to the safety of the community and ordered his detention without bail until further order (Docket No. 13). The Court is to make a de novo review of the contested bail order. *U.S. v. Tortora,* 922 F.2d 880, 883, n. 4 (1st Cir.1990).

Defendant, David Goveo–Santiago, was sentenced for two cases dealing with weapons' law violations in 1985. In 1989 defendant was sentenced to six years of imprisonment for manslaughter and violation of weapons law. Subsequently, defendant was convicted in 1991 and sentenced to six years imprisonment for manslaughter and attempted murder. Defendant was also convicted, as part of the 1991 criminal case, of aggravated illegal appropriation and eight cases of weapons violation.

Defendant is charged in the instant case in nine counts for having been convicted of a crime punishable by imprisonment for a term exceeding one year with possession of various firearms, all in violation of 18 U.S.C. § 922(g) and 2.

The Magistrate Judge originally denied bail because on a search and seizure of defendant's property bullets and a Beretta pistol was found. Further, in an adjacent building, property of defendant's brother, a fugitive of justice, stolen car parts, five (5) firearms and a shot gun were found. Stolen properties of victims of aggravated assault were found in the property of defendant. Said victims' firearms were found at defendant's property or at that of his brother. The Magistrate Judge based on the prior state convictions of defendant and participation in "crimes of violence" as defined under the Bail Reform Act of 1984, 18 U.S.C. § 3142, denied bail considering defendant "a risk to the safety of the community."

At the de novo hearing defendant makes a colorable collateral attack upon the two state convictions of manslaughter and proffered evidence of friends and neighbors of defendant as to his non violence and no risks of flight.[1]

Defendant provided evidence at the hearing that he was represented in both manslaughter convictions at the state level by an attorney that also represented other codefendants thereby creating a potential conflict of interest as set forth under the standard of *United States v. Foster,* 469 F.2d 1 (1st Cir.1972). A hearing to avoid potential conflict is required in the First Circuit Court jurisdictions whenever defendants are to share the same counsel. Further, defendant produced evidence that the testimony of the alleged sole witness in each conviction was either perjured or coerced. Defendants, therefore, make a strong prima facie case on the validity of the two manslaughter convictions of defendant.

The Federal Court is, however, precluded from authorizing a collateral attack on any state judgment pursuant to the specific mandate of the Supreme Court in the case of *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).[2] The attack upon the state judgments is, therefore, to be made in state court. Such a collateral attack on state criminal judgments is not authorized. The Court must consider said convictions pursuant to the specific mandate of Bail Reform Act of 1984, 18 U.S.C. § 3142.

The Court further notes that evidence was proffered connecting the Beretta found in the possession of the defendant with an armed robbery wherein defendant was identified by the victim as one of the perpetrators of the crime. (Ms. Rivera Montesino)

Another revolver, a Smith & Wesson stolen from the victims, (Ms. Rivera Montesino), was found in the search and seizure of the adjacent property of defendant, the property of defendant's fugitive brother.

Further, a wall clock found in defendant's property was identified by a victim (Mr. Cordero) of an armed robbery, also owner of one of the firearms found in the search and seizure at the adjacent property of defen

---

1. In excess of twenty neighbors and friends of defendant would have testified on plaintiff's character.

2. A collateral attack of a prior sentence of another District Court is also similarly barred, *U.S. v. Burke,* 67 F.3d 1 (1st Cir.1995).

dant, the property of defendant's fugitive brother.

Pursuant to the Bail Reform Act the Court must take into consideration the following factors:

(g) Factors to be considered

–The judicial officers shall, in determining whether there are conditions of release ... take into account the available information concerning–

(1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence.

(2) the weight of the evidence against the person

(3) the history and characteristics of the person including

(a) his character, physical and mental condition ∴ ..

(b) whether at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial ...

(4) The nature and seriousness of the danger to any person or the community that would be passed by the person's release.

■ Although the law specifically states that the rules of evidence do not apply to bail proceedings, 18 USC 3142(f), we are nevertheless guided by the standard of "clear and convincing evidence" in order to support a detention order, 18 USC 3142(f); *United States v. Acevedo–Ramos*, 600 F.Supp. 501, 509 (D.P.R.1984) (Laffitte J.)

Clear and convincing evidence has been defined as more than preponderance of evidence but less than beyond reasonable doubt. *United States v. Acevedo–Ramos* (id).

■ The following factors are to be considered in this case pursuant to the statutory mandate:

(1) Defendant's state weapon's convictions of 1985, 1989, 1991.

(2) Defendant's two manslaughter convictions in state court.

(3) Defendant was on state conditional liberty from state criminal violation at the time of arrest.

(4) A weapon was found in defendant's residence (Beretta pistol).

(5) Defendant was identified as the author of a violent crime (assault with a weapon by a victim, the legitimate owner of the Beretta found in the property of defendant.)

(6) Defendant was further connected to a further armed robbery by a victim (a stolen wall clock of a victim was found in the property of defendant and the weapon stolen from the victim was found in the adjacent property of defendant's fugitive brother).

(7) Defendant is charged with violent crimes in the instant case.

Although defendant has a colorable strong prima facie case challenging the state manslaughter convictions, the federal court is not the appropriate forum to make a collateral attack. *Custis v. U.S.*, supra; *U.S. v. Burke*, supra. The testimony of the neighbors is overridden by defendant's manslaughter and weapons convictions.[3]

Defendant infers that his pretrial detention interferes with his ability to prepare his defense, (Wherefore section of the Motion to Revoke Bail, Docket No. 29). The Court notes, however, that section 3142(i)(3) of the Bail Reform Act provides that the detention order must direct the detainee be afforded reasonable opportunity for private consultation with counsel.

Under the facts set forth above, the Court concludes that the government presented before the Magistrate Judge and de novo before the undersigned "clear and convincing" evidence of defendant's dangerousness justifying detention without bail under 18 USC 3142. The Court, therefore, **SUSTAINS** the decision of the Magistrate Judge J. Antonio

---

**3.** Defendant has not challenged the 1985 weapons convictions nor the weapons convictions of 1989 and 1991.

Castellanos and **ORDERS** detention without bail.

IT IS SO ORDERED.