

**FILED**

SEP 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY BROWN, | No. 20-16903 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-02691-PJH |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 3, 2021[**]
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Jerry Brown, a California state prisoner, appeals the district court's denial of

his pro se habeas corpus 28 U.S.C. § 2254 petition. He challenges a conviction on

multiple counts of sex-related offenses, contending that the state trial court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

questioning of Brown and his wife violated Brown's due process right to a fair trial under the Fourteenth Amendment.

1. The California Court of Appeal applied California's contemporaneous objection rule, holding that Brown's failure to object to the trial court's questioning waived this issue for appeal, and rejecting Brown's argument that any objection would have been futile. Its determination was reasonable. The district court held that Brown's claim was, therefore, procedurally defaulted under California law and that this constituted an adequate and independent ground for rejecting Brown's petition. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014).

2. The district court also correctly ruled that, even if the claim were not procedurally defaulted, Brown could not show that the state court's rejection of his judicial misconduct claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Greene v. Fisher*, 565 U.S. 34, 38 (2011). In determining whether there was a denial of due process, the courts do not look only to whether the trial court committed misconduct, but to whether the court's actions "rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Duckett v. Godinez*, 67 F.3d

2

734, 740 (9th Cir. 1995). The state court held that the trial court's questions did not violate that standard because the court's questions were chiefly for the purpose of clarification, and the judge did not assume the jury's role by determining the credibility of the witnesses.

The state court's holding was not in violation of clearly established law. Brown relies principally on *Quercia v. United States*, 289 U.S. 466 (1933) to argue that the trial judge's conduct amounted to a violation of his due process rights. There the trial judge took over the jury's role by assessing the credibility of the defendant for the jury and telling the jury that the defendant was likely lying. *Id.* at 472. The Supreme Court held that the judge's characterization of the defendant "was of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence." *Id.* at 472. This is not such a case. The state appellate court's ruling concerning the trial judge's conduct in this case did not violate clearly established law.

**AFFIRMED.**