UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles Eugene BYRD, Defendant–
Appellant.

No. 92–5623.

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1993.

Decided June 15, 1993.

As Amended by Order July 23, 1993.

---

Allen Bethea Burnside, Asst. Federal Public Defender, Columbia, SC, argued, for defendant-appellant.

Terry L. Wooten, Asst. U.S. Atty., Columbia, SC, argued (John S. Simmons, U.S. Atty., on brief), for plaintiff-appellee.

Before HALL and WILKINS, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.

## OPINION

WILKINS, Circuit Judge:

Charles Eugene Byrd appeals from the sentence imposed by the district court following his plea of guilty to distributing cocaine base (crack) in violation of 21 U.S.C.A. § 841(a)(1) (West 1981) and 18 U.S.C.A. § 2 (West 1969). Byrd maintains that the district court erred in refusing to entertain at sentencing his claim that one of the predicate offenses qualifying him for treatment as a career offender pursuant to United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov.1991) was tainted by constitutional error and, therefore, could not be used to enhance his sentence. We affirm.

### I.

Section 4B1.1 provides in pertinent part:[1]

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Under this guideline a defendant who qualifies as a career offender is assigned a Criminal History Category of VI and an enhanced offense level, depending on the statutory maximum sentence of the offense of conviction. *Id.* Byrd's presentence report (PSR) indicated that he should be sentenced as a career offender, subjecting him to an offense level of 34 and Criminal History Category VI. With a two-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), Byrd's adjusted offense level was 32, resulting in a guideline range of 210–262 months imprisonment.

As set forth in the PSR, the two predicate offenses qualifying Byrd for treatment as a career offender are a 1983 conviction and a 1990 conviction, both for assault and battery of a high and aggravated nature. The PSR indicated that on June 14, 1983 Byrd pled guilty to assault and battery of a high and aggravated nature in state court during proceedings at which he was represented by counsel. He was sentenced for this convic-

1. Congress mandated that the United States Sentencing Commission assure that career offenders, as defined by statute, receive a sentence "of imprisonment at or near the maximum term authorized." 28 U.S.C.A. § 994(h) (West Supp. 1993). Section 4B1.1 implements this directive.

tion, which according to the PSR arose from his shooting someone with a pistol, to from one to six years imprisonment, suspended upon the service of three years of probation. Additionally, the PSR indicated that Byrd was convicted in state court on September 4, 1990 of assault and battery of a high and aggravated nature after beating another victim in the face and head with a pistol.

Byrd did not object to consideration of the September 1990 conviction. He did, however, argue that the June 1983 conviction should not be used as a predicate offense qualifying him for career offender status. He asserted that this conviction in state court was obtained through an involuntary and unknowing guilty plea, in violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He bases his *Boykin* violation claim on assertions that the state trial judge who accepted his guilty plea failed to explain adequately the constitutional rights he was waiving as a result of his guilty plea, failed to inform him of the maximum penalties for the offense to which he was pleading, and failed to establish an adequate factual basis for the plea, even though at one time during the plea proceeding he denied committing the offense. Byrd produced a copy of the transcript from the state plea proceeding to support his claim. In addition, he testified that he was not advised of, or did not understand, the constitutional rights he waived by pleading guilty and that he was not guilty of this predicate offense. The district court declined to entertain Byrd's challenge to this conviction and sentenced him to 240 months imprisonment.

## II.

■ Byrd concedes that if his 1983 state conviction for assault and battery of a high and aggravated nature was properly counted as a predicate offense, his sentence as a career offender under § 4B1.1 must stand. However, he maintains that the conviction should not be counted as a predicate offense because it was obtained unconstitutionally.

He further asserts that the decisions of this court in *United States v. Jones*, 907 F.2d 456 (4th Cir.1990), *cert. denied*, 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991) (*Jones I*), and *United States v. Jones*, 977 F.2d 105 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1335, 122 L.Ed.2d 719 (1993) (*Jones II*), hold that the district court had discretion to consider a constitutional challenge to the validity of a state conviction used to enhance his sentence. Byrd supports his claim by reference to the transcript of the state plea proceeding which, combined with his testimony, he contends demonstrates that his state plea did not result from a knowing and voluntary decision to plead guilty, in violation of *Boykin*.

Convictions that properly are counted under U.S.S.G. § 4A1.2 must be considered in determining whether a defendant has the requisite number of predicate offenses to qualify as a career offender under § 4B1.1. U.S.S.G. § 4B1.2, comment. (n.4) (instructing that § 4A1.2 applies in determining whether convictions should be counted under § 4B1.1). In *Jones I* this court addressed whether a district court was authorized to entertain constitutional challenges to prior convictions in determining whether they should be counted under § 4A1.2 pursuant to the 1989 version of the *Guidelines Manual. See Jones I*, 907 F.2d at 463. This version of Application Note Six to U.S.S.G. § 4A1.2 provided in pertinent part:

Invalid Convictions. Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Any other sentence resulting in a valid conviction is to be counted in the criminal history score. *Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score.*

U.S.S.G. § 4A1.2, comment. (n.6) (Nov.1989) (emphasis added). The *Jones I* court held that this language authorized district judges to entertain at sentencing constitutional challenges to prior convictions that would be used to enhance a defendant's sentence.[2] *Jones I*, 907 F.2d at 462–69.

---

2. The *Jones I* court remanded to the district court for further consideration of the sentencing

issues. *Jones I*, 907 F.2d at 469. The district court then exercised its discretion in favor of

Effective November 1, 1990, the United States Sentencing Commission amended Application Note Six to read in pertinent part:

Reversed, Vacated, or Invalidated Convictions. Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Also, sentences resulting from convictions that a *defendant shows to have been previously ruled constitutionally invalid are not to be counted.*

U.S.S.G. § 4A1.2, comment. (n.6) (Nov.1990) (emphasis added). In addition, the Commission added Background Commentary to § 4A1.2 that provided, "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." U.S.S.G. § 4A1.2, comment. (backg'd.). Because Byrd was sentenced in September 1992 for an offense committed in March 1992, this amended language governs his sentencing. *See* U.S.S.G. § 4A1.2, comment. (n.6), (backg'd.) (Nov.1991). Thus, because the pertinent language relied on by *Jones I* has been deleted and new language added, Byrd is incorrect that our decision in *Jones I* controls this appeal.

Byrd next contends that the amended language should be interpreted to provide district courts with discretion to entertain constitutional challenges to prior convictions that will be relied upon to enhance a defendant's sentence. The courts of appeals that have addressed the meaning of the amended Application Note and Background Commentary have taken differing approaches. *Compare United States v. Jakobetz,* 955 F.2d 786, 805 (2d Cir.) (holding amended language gives district courts discretion to permit collateral attack on prior convictions used to enhance sentence), *cert. denied,* —— U.S. ——, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992); *United States v. Canales,* 960 F.2d 1311, 1315 (5th Cir.1992) (same); *United States v. Hoffman,*

982 F.2d 187, 190 (6th Cir.1992) (same) *and United States v. Brown,* 991 F.2d 1162, 1166 (3d Cir.1993) (same) *with United States v. Vea–Gonzales,* 986 F.2d 321, 327 (9th Cir. 1993) (holding that Commission did not intend amended language to provide discretion to district courts to entertain challenges to prior convictions at sentencing); *United States v. Roman,* 989 F.2d 1117, 1119 (11th Cir.1993) (en banc) (per curiam) (same) *and United States v. Elliott,* 992 F.2d 853, 856 (8th Cir.1993) (same).

We agree with the Courts of Appeals for the Eighth, Ninth, and Eleventh Circuits that Application Note Six provides no independent authority for a district court to refuse to count a prior conviction that has not previously been ruled constitutionally invalid. The 1990 amendment deleted the language on which *Jones I* relied to hold that the Note authorized collateral constitutional challenges to prior convictions at sentencing and substituted language requiring that the prior conviction must have been "previously ruled constitutionally invalid" before the district court should not count it. U.S.S.G. § 4A1.2, comment. (n.6) (Nov.1990). Moreover, the Background Commentary does not change the meaning of Application Note Six; it merely recognizes that the guidelines cannot take away a right to attack the validity of a prior conviction at sentencing that is afforded by the Constitution or a statute. *See Elliott,* 992 F.2d at 856; *Roman,* 989 F.2d at 1119; *Vea–Gonzales,* 986 F.2d at 327.[3] Thus, the guidelines provide that prior convictions that have not previously been ruled constitutionally invalid must be counted under § 4A1.2 unless the Constitution or federal statute requires that the district court entertain a challenge to the conviction. Consequently, the dispositive issue before us is whether Byrd possesses a constitutional or statutory right to attack his prior state conviction based on his claim of a *Boykin* violation.

---

hearing the constitutional challenge and determined that Jones' federal sentence should not be enhanced. *Jones II,* 977 F.2d at 106. The Government appealed, and this court vacated Jones' sentence. *Id.* Although the language in Application Note Six to U.S.S.G. § 4A1.2 had been amended in the interim, the *Jones II* court specifically reserved judgment on the impact of this amendment because neither of the parties had argued that the new language applied. *Id.* at 108 n. 3.

**3.** We note that the proposed 1993 amendments to the guidelines now under review by Congress make plain that the interpretation we adopt of the language in amended Application Note Six and the Background Commentary are consistent with the intent of the Commission. The proposed 1993 amendments omit the sentence in the Background Commentary referring to the Com-

## III.

Recently, in *United States v. Custis*, 988 F.2d 1355 (4th Cir.1993), this court addressed whether a district court must entertain constitutional challenges to predicate convictions used to enhance a defendant's sentence under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)(1) (West Supp. 1993). Discussing Custis' argument that the district court must entertain at sentencing his challenge to the constitutionality of his prior conviction on the basis that it was obtained as the result of an involuntary guilty plea, in violation of *Boykin*, we stated that "district courts are obliged to hear constitutional challenges to predicate state convictions in federal sentencing proceedings only when prejudice can be presumed from the alleged constitutional violation, regardless of the facts of the particular case; and when the right asserted is so fundamental that its violation would undercut confidence in the guilt of the defendant." *Custis*, 988 F.2d at 1362. While *Custis* indicated that there may be limited situations in which a federal sentencing court may be required to entertain constitutional challenges to a defendant's prior convictions,[4] it clearly held that a defendant has no constitutional right that

requires a federal sentencing court to entertain challenges to the voluntariness of the defendant's prior counseled guilty plea in the first instance. *Id.* at 1363. Accordingly, *Custis* is controlling of our disposition here.

 In summary, the guidelines do not provide any greater authority than is otherwise provided by law for a district court to entertain collateral challenges to prior convictions used to enhance a defendant's sentence. Byrd advanced no argument based on any statutory provision.[5] And, *Custis* dictates that we hold that Byrd had no constitutional right to collaterally challenge the voluntariness of his prior counseled guilty plea to a state offense at sentencing for a subsequent federal offense. Consequently, we conclude that the district court did not err in refusing to entertain Byrd's challenge to the constitutional validity of a prior state conviction. Accordingly, we affirm his sentence.

AFFIRMED.

---

mission leaving for the courts the determination of whether a defendant may attack the validity of a prior conviction at sentencing. Proposed amended Application Note Six reads:

> *Reversed, Vacated, or Invalidated Convictions.* Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently-discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.

*See* 58 Fed.Reg. 27148–01 (1993) (proposed April 29, 1993). The Commission explains its adoption of this amendment stating:

> This amendment ... clarifies the Commission's intent with respect to whether section 4A1.2 ... confers on defendants a right to attack prior convictions collaterally at sentencing, an issue on which the appellate courts have differed. This amendment addresses this inter-circuit conflict in interpreting the commentary by stating more clearly that the Commission does not intend to enlarge a defendant's right to attack collaterally a prior conviction at the current sentencing proceeding

beyond any right otherwise recognized in law. *Id.* (citations omitted).

4. *Custis* noted that the complete denial of a defendant's right to counsel, adjudication by a biased judge, and direction of guilty verdict by the court are examples of errors from which prejudice may be presumed. *Custis*, 988 F.2d at 1362 (citing *Rose v. Clark*, 478 U.S. 570, 577–79, 106 S.Ct. 3101, 3105–07, 92 L.Ed.2d 460 (1986)).

5. In arguing that Congress intended to permit sentencing courts to consider a broad range of information in determining an appropriate sentence, Byrd does refer to 18 U.S.C.A. § 3661 (West 1985). This statute provides, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." In *Custis* we stated that nothing in this statute "requires courts to entertain constitutional challenges to predicate convictions." *See Custis*, 988 F.2d at 1361, n. 2.