17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth E. VARNEY, Defendant-Appellant.
 No. 93-5129.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1993.
Decided Feb. 16, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-176)
 Jerome J. McFadden, Gibson & McFadden, Princeton, W. Va., for appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, W. VA., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, HALL, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth E. Varney appeals the sentence imposed on his guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C.A.Sec. 846 (West Supp.1993). We affirm.
 
 
 2
 In June 1992, an investigation of Varney and his wife, Teresa, culminated in their arrest as they were returning to West Virginia from Atlanta with six kilograms of marijuana. Two confidential informants were in the car they were using. Although both Varney and his wife were charged with conspiracy, in his interview with the probation officer after his guilty plea Varney maintained that he conducted his drug activities independently of his wife and without her knowledge. Varney also told the probation officer that he had only one cocaine transaction with Donnie Pendergrass, who later testified at Varney's sentencing hearing about their dealings in marijuana and in cocaine. The district court made a factual finding that Varney had at least five cocaine transactions with Pendergrass totaling eight ounces.
 
 
 3
 Varney contends on appeal that, in refusing to grant him a reduction in offense level for acceptance of responsibility,[1] the district court penalized him for refusing to admit a co-defendant's conduct rather than his own, and for contesting the amount of drugs used to calculate his offense level. He overlooks the reality that his offense of conviction was conspiracy with his wife. His denial that they worked together in drug trafficking was a refusal to admit conduct constituting the offense. Moreover, his account of his dealings in cocaine with Pendergrass differed radically from Pendergrass's testimony and from the district court's factual finding concerning his cocaine trafficking. Truthful admission of the conduct comprising the offense is a crucial aspect of acceptance of responsibility. U.S.S.G.Sec. 3E1.1, comment. (n.1). A defendant who falsely denies or frivolously contests relevant conduct which the court determines to be true fails to demonstrate acceptance of responsibility. Id. The district court thus was not clearly erroneous in denying the reduction to Varney. See United States v. Harriott, 976 F.2d 198 (4th Cir.1992).
 
 
 4
 Varney next maintains that the district court clearly erred in determining that he had distributed at least eighty pounds of marijuana and eight ounces of cocaine. He points out that Pendergrass testified to a lesser amount of marijuana at the sentencing hearing; however, the district court found more credible the higher figures Pendergrass had given when he was questioned by police at the time of his arrest. Varney's argument that Pendergrass unwittingly double-counted some of the cocaine is unavailing because the government's examination of Pendergrass established that, at a minimum, Varney had purchased 8.5 ounces of cocaine from their common source. None of this amount was double-counted. We find no error in the district court's determination of the amount of drugs involved or the resulting offense level.
 
 
 5
 Varney contends that the district court erred in awarding criminal history points for two allegedly uncounseled misdemeanor convictions. The first was a 1983 conviction for driving under the influence in McDowell County, West Virginia, for which Varney was sentenced to twenty-four hours in jail and fined. Guideline section 4A1.2, comment. (backg'd) directs that uncounseled misdemeanor convictions where no imprisonment was imposed should be counted in determining criminal history. The sparse state record indicates that Varney lacked counsel; it does not disclose whether he waived counsel or, as he implies, he was denied counsel unconstitutionally. However, because prison time was imposed, the conviction should not have been counted.
 
 
 6
 The second conviction was a 1986 guilty plea to shoplifting in Princeton, West Virginia, for which Varney was fined. The original plea form had been stored because it was more than five years old. As evidence that his plea was uncounseled, Varney submitted only a one-page summary of the court record, which did not disclose whether he was represented by counsel, validly waived counsel, or was unconstitutionally denied counsel. Relying on Baldasar v. Illinois, 446 U.S. 222 (1980), Varney contended that his shoplifting conviction could not be used to enhance his sentence because the state records did not establish that he was represented by counsel.
 
 
 7
 In Baldasar, the Supreme Court held that an uncounseled misdemeanor conviction may not be used to enhance a later sentence. There is a potential conflict between section 4A1.2 and Baldasar, and the Supreme Court has agreed to decide whether a prior uncounseled misdemeanor conviction can be used in calculating a defendant's criminal history score. United States v. Nichols, 979 F.2d 402 (6th Cir.1992), cert. granted, 62 U.S.L.W. 3241 (U.S. Sept. 28, 1993) (No. 92-8556). Before Varney could legitimately raise the Baldasar issue with regard to the shoplifting conviction, however, he had to establish that the conviction was uncounseled. Although this Court has limited a defendant's ability to collaterally challenge a prior conviction, Varney's implied claim--a complete denial of counsel--is one of the few which a sentencing court must entertain. United States v. Byrd, 995 F.2d 536 (4th Cir.1993).
 
 
 8
 Varney's only evidence of what took place was the summary court record; defense counsel represented that the court clerk could not find the original, and Varney did not testify. The district court took judicial note of the practice in West Virginia courts of offering counsel to a misdemeanor defendant when there is a possibility of incarceration,[2] found that Varney had the burden of showing that he had not been given the opportunity for counsel, and that Varney had failed to make the necessary showing. This Court has previously held that when a sentencing court entertains a challenge to a state conviction, the defendant bears the burden of showing the prior conviction's invalidity. United States v. Jones, 977 F.2d 105 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993); United States v. Davenport, 884 F.2d 121 (4th Cir.1989); see also Parke v. Raley, 61 U.S.L.W. 4007 (U.S.1992) (presumption of regularity attached to final judgments makes it proper that defendant have burden of showing invalidity).
 
 
 9
 Varney contends again on appeal that Baldasar prohibits use of the shoplifting conviction because the record does not show that he had counsel or knowingly waived counsel. However, Varney clearly failed to show by a preponderance of the evidence that he lacked counsel or that, if he did, it was because he was denied counsel rather than a result of a knowing waiver. Therefore, one criminal history point was properly given for the shoplifting conviction. The deletion of one criminal history point the 1983 conviction would not change Varney's criminal history category. Therefore, no reversible error occurred.
 
 
 10
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992)
 
 
 [2]
 Imprisonment is authorized for a first shoplifting offense in West Virginia if the items stolen are worth more than $100, and for a second offense regardless of the value of the items stolen. W. Va.Code Sec. 61-3A3 (1966). The value of the property Varney shoplifted in the 1986 offense is not shown by the state record