17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Nathaniel GRANT, Defendant-Appellant.
 No. 92-5769.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994.
Decided Feb. 17, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Samuel G. Wilson, District Judge. (CR-92-36-C)
 Michael Joseph Johnson, Charlottesville, VA, for appellant.
 Jean Barrett Hudson, Office of the United States Attorney, Charlottesville, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William Nathaniel Grant pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(A)(iii) (West 1981 & Supp.1993). On appeal, Grant's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting one issue but stating that, in his view, there are no meritorious issues for appeal. Grant's attorney has also requested leave to withdraw from representing Grant. McCall has filed a supplemental pro se brief raising four claims. After a thorough review of the briefs[1] and the record, we affirm.
 
 
 2
 Based upon a total offense level of thirty-five and a determination that Grant was a career offender, United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1991), the district court sentenced Grant to 292 months imprisonment. That sentence, according to Grant's counsel, violates the Eighth Amendment's prohibition against cruel and unusual punishment in that it is excessive and effectively punishes Grant for his ongoing drug addiction. While the sentence may indeed be severe, we find that it is neither cruel and unusual nor so "grossly disproportionate" as to be violative of the Eighth Amendment. Harmelin v. Michigan, 59 U.S.L.W. 4839, 4851 (U.S.1991). Moreover, Grant's criminal offense is itself a "culpable act," United States v. Blackner, 901 F.2d 853, 855 (10th Cir.1990) (quoting United States v. Klein, 860 F.2d 1489, 1497 n. 12 (9th Cir.1988)), which does not make "the 'status' of narcotic addiction a criminal offense." Robinson v. California, 370 U.S. 660, 666 (1962). We reject counsel's Eighth Amendment arguments.
 
 
 3
 The four contentions raised in Grant's supplemental brief are similarly without merit. First, despite the fact that the sentences imposed for Grant's two prior New York drug convictions did not exceed one year,[2] those convictions are"prior felony convictions" for purposes of U.S.S.G. Sec. 4B1.1, because they are punishable by imprisonment for a term exceeding one year[3] and because the criminal conduct underlying each conviction occurred when Grant was at least eighteen years old. U.S.S.G. Sec. 4B1.2, comment. (n.3). Grant's prior convictions also qualify as "controlled substance offenses" under U.S.S.G. Sec. 4B1.2(2), because they involved the attempted distribution or dispensation of controlled substances. N.Y. Penal Law Sec. 220.00(1) (McKinney 1993); see U.S.S.G. Sec. 4B1.2, comment. (n.1) (attempted controlled substance offenses are properly included under U.S.S.G. Sec. 4B1.1).
 
 
 4
 Contrary to Grant's third contention, the concurrent sentences imposed for his prior convictions do not necessarily mean that those convictions are "related" under U.S.S.G. Sec. 4A1.2(a)(2). United States v. Rivers, 929 F.2d 136, 140 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991). The district court properly counted those convictions as separate cases because the offenses occurred on different occasions separated by three months and an intervening arrest, and were not, in fact, consolidated for trial or sentencing. U.S.S.G. Sec. 4A1.2, comment. (n.3); United States v. Fonville, 5 F.3d 781, 784 (4th Cir.1993); United States v. Hines, 943 F.2d 348, 354-55 (4th Cir.), cert. denied, 60 U.S.L.W. 3405 (U.S.1991). Grant's final contention--that the district court abused its discretion by failing to depart downward under U.S.S.G. Sec. 4A1.3 upon a finding that his criminal conduct was intended to support his drug addiction--is also without merit, because this case is not the "atypical" or "truly unusual case" for which the Sec. 4A1.3 departure is reserved. United States v. Adkins, 937 F.2d 947, 952 (4th Cir.1991).
 
 
 5
 Our review of the record reveals one other potential error of arguable merit in this case. At the sentencing hearing, Grant testified that, contrary to the information in the presentence report, one of his prior drug convictions resulted from an uncounseled guilty plea.[4] However, counsel withdrew that objection in open court with Grant's express consent, and the record does not otherwise indicate that the court's inclusion of that offense for purposes of the career offender enhancement constituted plain error. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). At this time, we decline to address the withdrawal of that objection as an ineffective assistance claim, because this is not a case in which ineffectiveness is conclusively apparent from the record. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). While expressing no opinion as to the merits of such a claim, we note that an ineffective assistance claim is best reserved for subsequent proceedings under 28 U.S.C. Sec. 2255 (1988).
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A.Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. For that reason, we deny counsel's motion to withdraw.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The Government elected not to file a responsive brief in this case
 
 
 [2]
 Grant's two prior drug convictions were for attempted criminal sales of controlled substances in the third degree. N.Y. Penal Law Secs. 110.00, 220.39 (McKinney 1993). Grant was sentenced to one-year terms of imprisonment on each of the convictions, and the sentence imposed for the second conviction was run concurrent to that imposed for the first conviction
 
 
 [3]
 Grant's prior convictions are class C felonies, punishable by imprisonment up to fifteen years. N.Y. Penal Law # 8E8E # 70.00(2)(c), 110.00, 110.05(4), 220.39 (McKinney 1993). The fact that Grant was sentenced as a youthful offender on one of those convictions is irrelevant, because a juvenile convicted of attempted criminal sale of controlled substances in the third degree is punishable by imprisonment up to seven years. N.Y. Penal Law Sec. 70.05(2)(c) (McKinney 1993)
 
 
 [4]
 "[P]rior convictions that have not previously been ruled constitutionally invalid must be counted under Sec. 4A1.2 [and, in turn, under Sec. 4B1.1] unless the Constitution or federal statute requires that the district court entertain a challenge to the conviction." United States v. Byrd, 995 F.2d 536, 539 (4th Cir.1993). The sentencing court would be required to entertain a challenge predicated on a complete denial of the Sixth Amendment right to counsel. See id. at 540 n. 4