17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie Bernard DAVIS, Defendant-Appellant.
 No. 93-5486.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 15, 1993.
Decided: February 17, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Chief District Judge. (CR-92-195)
 Michael W. Patrick, Haywood, Denny, Miller, Johnson, Sessoms & Patrick, Chapel Hill, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lonnie Bernard Davis appeals the career offender[1] sentence he received following his guilty plea to bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1993). He contends that the district court erred in counting for criminal history purposes a prior state conviction which he attempted to show was constitutionally invalid. We affirm.
 
 
 2
 Davis objected during sentencing to consideration of a no contest plea he entered in Richmond County, North Carolina, in 1992 to a charge of assault on a female. Davis submitted his own affidavit, asserting his innocence of the charge brought by his girlfriend, and claiming that the plea was involuntary under Boykin v. Alabama, 395 U.S. 238, 242 (1969), because the court had not advised him of the constitutional rights he would waive by entering the plea.
 
 
 3
 Davis also submitted an affidavit from the attorney who represented him, which stated that defendants pleading guilty or no contest in the Richmond County, North Carolina, district court are not usually advised by the court of the constitutional rights they waive. (JA-I at 108). The attorney stated that she informed Davis of his plea options, the procedures involved, and the effects of a plea of not guilty, guilty, and no contest. She informed Davis that he could plead no contest without admitting guilt, and, if he did not like the sentence he received in the state district court, could appeal his conviction to the state superior court where he would receive a jury trial.
 
 
 4
 The attorney asserted in her affidavit that the state court judge did not explain that Davis was giving up the right of confrontation, the right not to incriminate himself, and other constitutional rights, before accepting his no contest plea and sentencing him to 181 days imprisonment. According to the attorney, Davis subsequently appealed his conviction, and a month later, represented by the same attorney, he entered a guilty plea to possession of stolen goods, resisting a public officer, and driving with a revoked license. He was sentenced to two years imprisonment.
 
 
 5
 The attorney then informed Davis that he could serve the 181-day sentence concurrently with the two-year sentence, or he could go to trial on the assault charge after serving the two-year sentence. Davis chose to drop his appeal of the assault conviction and serve the 181-day sentence.
 
 
 6
 No record was available of the proceeding in which Davis entered his no contest plea. However, the government submitted a written record of Davis's guilty plea to felony common law robbery nine months before his no contest plea to the assault charge. The record established that Davis was advised of the constitutional rights being waived when he entered his plea to the robbery charge.
 
 
 7
 The district court found that Davis had not shown that he was unaware of the rights he was waiving by pleading no contest when the evidence showed that he was a high school graduate who had attended some college, had prior experience in the criminal justice system, had discussions with his attorney concerning the no contest plea, and had been fully advised of the constitutional rights waived by a guilty plea not long before.
 
 
 8
 Prior convictions that are properly counted for criminal history purposes under guideline section 4A1.2 must be considered in determining whether a defendant is a career offender. U.S.S.G. Sec. 4B1.2, comment. (n.4). Convictions which the defendant shows to have been previously ruled invalid are not counted. U.S.S.G.Sec. 4A1.2, comment. (n.6). The extent to which the sentencing court must entertain a defendant's challenge to prior convictions which have not been ruled invalid is currently unresolved.[2] However, the district court here allowed Davis to present evidence of the invalidity of his 1992 assault conviction, and ruled on the merits of the claim.
 
 
 9
 To be constitutionally valid, a guilty plea must be informed and intelligent; the defendant must understand that he is waiving his right to a trial by jury, his right to confront his accusers, and his right against self-incrimination. Boykin, 395 U.S. at 243 & n. 6. Davis had the burden of showing that his prior guilty plea was involuntary and his conviction thus constitutionally invalid. United States v. Jones, 907 F.2d 456, 464 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3461 (U.S.1991) (Jones I ).
 
 
 10
 Davis attempted to meet this burden by establishing, through his own and his attorney's affidavits, that the state district court had failed to advise him of the rights he would waive by pleading guilty.[3] Accepting this evidence, the district court nevertheless found that Davis had not shown that he entered the no contest plea without an awareness of the rights he was waiving. We review factual findings for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 11
 Davis had been advised of his rights and had waived them to plead guilty to a felony nine months before. Such prior experience with the criminal justice system has been treated by the Supreme Court as relevant to the question of whether a subsequent waiver of constitutional rights was knowing. Parke v. Raley, 61 U.S.L.W. 4007, 4012 (U.S.1992) (valid 1979 guilty plea may give rise to fair inference that defendant understood full consequences of 1981 guilty plea). Davis was represented by counsel and, according to his attorney, engaged in a thorough discussion with counsel of the pleas available to him, as well as the procedures and effects of each. After entering the no contest plea and then appealing it so as to have a jury trial in the superior court, Davis chose to forego the jury trial. On this record we cannot say the district court clearly erred in finding that Davis made a conscious and deliberate choice to enter the no contest plea with an awareness of the rights he thereby waived.
 
 
 12
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992)
 
 
 [2]
 In the 1992 version of the Guidelines Manual, applicable at Davis's sentencing, the Background Commentary to section 4A1.2 provided that, "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." A prior decision of this Court decided that the sentencing court has jurisdiction to entertain a challenge to the constitutionality of a prior conviction. United States v. Jones, 907 F.2d 456, 461 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3461 (U.S.1991) (Jones I )
 Shortly after Davis was sentenced, this Court held in United States v. Byrd, 995 F.2d 536, 539 (4th Cir.), petition for cert. filed, Oct. 18, 1993 (No. 93-6385), that prior convictions which have not been ruled invalid must be counted unless the Constitution or a federal statute confers a right to collaterally attack the conviction during the federal sentencing proceeding. Byrd also held that an invalid plea due to a Boykin violation was not a constitutional challenge which the district court was required to entertain. 995 F.2d at 540. On this point, the decision in Byrd relied on United States v. Custis, 988 F.2d 1355 (4th Cir.), cert. granted, 62 U.S.L.W. 3272 (U.S. Oct. 12, 1993) (No. 93-5209). Because in this case the district court did entertain Davis's constitutional challenge to the validity of his prior conviction, we need not wait for the Supreme Court's decision in Custis to decide the appeal.
 
 
 [3]
 On appeal, his attorney also argues that it is not the practice for North Carolina district court judges to advise defendants of their constitutional rights before accepting guilty pleas. He has submitted a copy of a bench book for North Carolina district court judges in support of this argument. (JA-II at 72). Because this evidence was not produced in the district court, it is not properly presented on appeal. In any case, the bench book does not describe procedures for accepting guilty pleas