21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Charles BURGESS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Charles BURGESS, Jr., Defendant-Appellant.
 Nos. 93-5571, 93-7268.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1994.
Decided April 18, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CR-92-217)
 Louis H. Lang, Callison, Tighe, Robinson & Anastasion, Columbia, SC, for appellant.
 Albert Charles Burgess, Jr., appellant pro se.
 J. Preston Strom, Jr., U.S. Atty., Eric William Ruschky, Asst. U.S. Atty., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Charles Burgess, Jr., pled guilty to one count of knowingly making a false material declaration in an application to proceed in forma pauperis in violation of 18 U.S.C. Sec. 1623 (1988). The district court sentenced Burgess to sixteen months incarceration to run consecutively to the state sentence which he is now serving,[1] ordered three years of supervised release, and imposed a $50 special assessment. Burgess noted a timely appeal and challenges the district court's denial of his motion to withdraw his guilty plea and the district court's refusal to allow him to challenge a prior state court conviction used to enhance his federal sentence.
 
 
 2
 After Burgess filed his notice of appeal, he filed a Fed.R.Crim.P. 33 motion for a new trial and a Fed.R.Crim.P. 35 motion for reduction of sentence in the district court, both of which the district court denied. Burgess noted a timely appeal from this order. Therefore both the direct appeal and the appeal from the denial of the Rule 33 and Rule 35 motions are before us. Because both appeals relate to Burgess' perjury conviction, we will review them together. See United States v. Ellison, 557 F.2d 128, 131 (7th Cir.), cert. denied, 434 U.S. 965 (1977).
 
 
 3
 Finding no error, we affirm Burgess' conviction. We also affirm the denial of his Rule 33 motion finding no abuse of discretion. Because the district court did not have jurisdiction to address the Rule 35 motion, we modify the dismissal to be without prejudice.
 
 I. No. 93-5571
 
 4
 Burgess argues that the district court erred in refusing his request to withdraw his guilty plea. Rule 32(d) of the Federal Rules of Criminal Procedure governs a motion to withdraw a guilty plea. Because Burgess moved to withdraw the plea before sentencing, he bears the burden to show a fair and just reason for the withdrawal. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991). Factors relevant to establishing a fair and just reason include:
 
 
 5
 (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.
 
 
 6
 Id. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir.1993). We will overturn the district court's factual findings in support of its decision to deny the motion only if they are clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 7
 The most important factor for a court to consider in deciding a motion to withdraw is whether Burgess entered his guilty plea knowingly and voluntarily.[2] Moore, 931 F.2d at 248-49. A plea which is induced by a promise which is not carried out is invalid because it is involuntary. Santobello v. New York, 404 U.S. 257, 262 (1971). A plea agreement must be construed according to what Burgess reasonably understood at the time he entered his plea. United States v. Jimenez, 928 F.2d 356, 363 (10th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991). Rule 11 identifies three types of plea agreements in which the government may agree to: (i) make a nonbinding recommendation that a particular sentence be imposed; (ii) move for dismissal of other charges; or (iii) a specific sentence as the appropriate disposition of the case. Fed.R.Crim.P. 11. If the court rejects the government's recommendation in the first type of plea agreement, the defendant has no absolute right to withdraw his plea. United States v. Ewing, 957 F.2d 115, 118 (4th Cir.), cert. denied, 60 U.S.L.W. 3859 (U.S.1992). If the court rejects the second or third type of agreement, the court must allow the defendant to withdraw his plea. Fed.R.Crim.P. 11(e)(4); see Ewing, 957 F.2d at 119.
 
 
 8
 The record discloses that the Government never reduced its plea agreement with Burgess to writing; rather, the Government memorialized it on the record during the plea hearing, and the judge accepted it as if it were in writing. Burgess and the Government disagree about what the Government offered Burgess in exchange for his plea. The Government asserts that the prosecutor told Burgess it would accept a guilty plea on one count and would take no position on what sentence Burgess should receive, particularly with respect to whether it should be consecutive to or concurrent with his state sentence. Burgess claims, however, that the prosecutor promised him a specific sentence to be concurrent with his state sentence in exchange for his guilty plea.
 
 
 9
 We must first determine what Burgess understood at the time he entered his plea. At the Rule 11 hearing, the following colloquy occurred:
 
 
 10
 MR. RUSCHKY: ... I will tell [the court] right now what I'm willing to offer, one count and no position on sentence....
 
 
 11
 THE COURT: One Count?
 
 
 12
 MR. RUSCHKY: One count. And I take no position on whether it's consecutive or concurrent. I don't care.
 
 
 13
 THE COURT: You mean concurrent with the term he's serving now?
 
 
 14
 MR. RUSCHKY: Concurrent with the state sentence he is now serving. That's the offer....
 
 
 15
 ...
 
 
 16
 THE COURT: ... At this point, Mr. Burgess, I'm going to have Mr. Ruschky tell us generally what your agreement is....
 
 
 17
 ...
 
 
 18
 MR. RUSCHKY: Your honor, ... the Defendant agrees to plead guilty to Count 1. The government agrees to dismiss the other counts in the indictment....
 
 
 19
 There is or may be an issue regarding whether the sentence to be imposed should be concurrent or consecutive, that has not been resolved. I have advised Mr. Burgess that the government will not oppose a concurrent sentence if that can be imposed legally under the guidelines.
 
 
 20
 ...
 
 
 21
 THE COURT: On that issue, that is just a matter for the court to decide?
 
 
 22
 MR. RUSCHKY: That is for the court.
 
 
 23
 THE COURT: I have the discretion of what I will do in light of that and the presentence report?
 
 
 24
 MR. RUSCHKY: Yes, sir. But for the record the government is not opposing a concurrent sentence, if the court imposes that.
 
 
 25
 (Emphasis added).
 
 
 26
 Burgess relies on the italicized language to support his claim that the Government agreed to a specific sentence. However, if the italicized language is considered in context, it appears that the prosecutor answered the judge's question regarding with what sentence Burgess' perjury sentence would be concurrent and then referred to his previous offer of making no recommendation about whether the sentence would be concurrent or consecutive. Further, the judge confirmed that Burgess understood that the court would determine whether the sentence would be consecutive or concurrent. Burgess also acknowledged that the Government's understanding of the agreement was his own, that it was their complete agreement, and that no one had promised him anything other than what the agreement contained. The judge then accepted Burgess' guilty plea, finding that he made it knowingly and voluntarily and that a factual basis existed. Based on the record, these findings are not clearly erroneous. Therefore, the district court did not abuse its discretion in denying Burgess' motion because Burgess failed to establish a fair and just reason for withdrawal of his plea.
 
 
 27
 Burgess next argues that the district court erred when it denied him the opportunity under the United States Sentencing Guidelines to assert his constitutional right to challenge a prior state court conviction used to enhance his federal sentence. The district court had jurisdiction to entertain Burgess' constitutional challenge to the prior state conviction. United States v. Jones, 907 F.2d 456, 469-70 (4th Cir.1990), cert. denied, 498 U.S. 1029 (1991) (Jones I ). However, we stated in United States v. Custis, 988 F.2d 1355 (4th Cir.), cert. granted in part, 62 U.S.L.W. 3272 (U.S. Oct. 12, 1993) (No. 93-5209), that:
 
 
 28
 district courts are obliged to hear constitutional challenges to predicate state convictions in federal sentencing proceedings only when prejudice can be presumed from the alleged constitutional violation, regardless of the facts of the particular case; and when the right asserted is so fundamental that its violation would undercut confidence in the guilt of the defendant.
 
 
 29
 Id. at 1362.
 
 
 30
 Burgess must identify early on the precise basis of his constitutional challenge and the anticipated means by which he will prove the invalidity. United States v. Jones, 977 F.2d 105, 110 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993) (Jones II ). Constitutional challenges based on a complete denial of the right to counsel, adjudication by a biased judge, or direction of a guilty verdict by the court are violations where prejudice can be presumed. Custis, 988 F.2d at 1362 (citing Rose v. Clark, 478 U.S. 570, 577-79 (1986)).
 
 
 31
 Prior to sentencing, Burgess served notice on the Government that he intended to challenge for sentencing purposes the constitutionality of a prior North Carolina conviction. However, the notice failed to state the basis of his challenge. In response to questioning by the district court at sentencing concerning the basis for his challenge, Burgess stated that "the South Carolina convictions were obtained because of this North Carolina conviction. South Carolina said this was a valid conviction, and it's not. That's the reason I'm incarcerated." The basis for Burgess' challenge is insufficient to permit a district court to entertain a challenge to a past conviction for sentencing purposes. See United States v. Byrd, 995 F.2d 536 (4th Cir.), petition for cert. filed, No. 93-6385 (U.S. Oct. 18, 1993).
 
 
 32
 Finding no error below, we affirm Burgess' perjury conviction.
 
 II. No. 93-7268
 
 33
 We now turn to the district court's denial of Burgess' Fed.R.Crim.P. 33 motion for a new trial and Fed.R.Crim.P. 35 motion for reduction of sentence. With regard to the Rule 33 motion, our review of the record discloses that his appeal of the Rule 33 denial is without merit. Accordingly, we affirm the denial on the reasoning of the district court. United States v. Burgess, No. CR-92-217 (D.S.C. Oct. 29, 1993).
 
 
 34
 With regard to Burgess' Rule 35 motion, a timely notice of appeal from a conviction deprives the district court of jurisdiction to rule on a Rule 35 motion. Because the district court should have dismissed the motion without prejudice for lack of jurisdiction, we modify the decision below to reflect that the dismissal is without prejudice pursuant to 28 U.S.C. Sec. 2106 (1988), and we affirm the decision, as modified.
 
 CONCLUSION
 
 35
 Based on the foregoing, we affirm Burgess' conviction, affirm the district court's denial of Burgess' Rule 33 motion, and affirm as modified the district court's denial of Burgess' Rule 35 motion.
 
 No. 93-5571--AFFIRMED
 No. 93-7268--AFFIRMED AS MODIFIED
 
 
 [1]
 Burgess was convicted in a South Carolina state court on August 20, 1985, of conspiring to commit criminal sexual conduct on minors, committing or attempting lewd acts upon a child under 14, and committing sexual battery of a child under 16. The court sentenced Burgess to 25 years imprisonment
 
 
 [2]
 Because Burgess' challenge to his guilty plea focuses on the voluntariness of his plea, the other factors will not be discussed