30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pat DANKO, Defendant-Appellant.
 No. 93-5268.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 20, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-92-199)
 Jacob M. Robinson, Wheeling, WV, for appellant.
 William D. Wilmoth, U.S. Atty., Paul T. Camilletti, Asst. U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pat Danko appeals the career offender sentence* he received after his guilty plea to distribution of cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993). He also contends that his plea was invalid and that he should have been allowed to withdraw it. We affirm.
 
 
 2
 Danko sold cocaine to a confidential informant in two recorded and surveilled transactions, and was initially charged with two counts of distribution. A week before trial, he entered into an agreement to plead guilty to one count of distribution. After the probation officer recommended a career offender sentence, Danko filed objections to the presentence report which focused primarily on the use of his 1976 Pennsylvania sentence for conspiracy to deliver marijuana. Danko had entered a guilty plea to that offense with representation of counsel, but claimed it was an involuntary plea.
 
 
 3
 On the day before sentencing, Danko moved to exclude the 1976 sentence from consideration on the ground that his guilty plea to that offense was constitutionally invalid. At the same time, Danko requested permission to withdraw his guilty plea to the instant offense because the guideline range was higher than he expected when he entered into the plea agreement. Alternatively, he requested a downward departure on various grounds. At the sentencing hearing, the district court denied leave to withdraw the guilty plea, found that the 1976 conviction was not invalid and was properly counted, denied a three-level reduction for acceptance of responsibility under guideline section 3E1.1(b), and decided not to depart downward. Danko received a two-level reduction for acceptance of responsibility, and was sentenced to 168 months, the bottom of the guideline range.
 
 
 4
 On appeal, Danko challenges the district court's rulings and also raises several new claims of error. Reviewing these latter issues first under the plain error standard, United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993), we find that notice of an enhanced sentence under 21 U.S.C. Sec. 851 (1988) is necessary only when the government seeks enhancement of the statutory maximum or minimum penalty, but not for a career offender sentence under the sentencing guidelines. See, e.g., United States v. Whittaker, 938 F.2d 1551, 1552 (2d Cir.1991) (citing cases), cert. denied, 60 U.S.L.W. 3520 (U.S.1992). Danko relies on United States v. Williams, 899 F.2d 1526, 1529 (6th Cir.1990), the only circuit with a contrary view, which we do not find persuasive.
 
 
 5
 The plea agreement notified Danko of the statutory maximum sentence and informed him that prior drug convictions could increase his sentence. The government's failure to mention a career offender sentence in the agreement was not a promise that Danko would receive a non-career offender sentence. Danko's second 1976 drug conviction does not appear to be a related case because there was an intervening arrest, see U.S.S.G. Sec. 4A1.2, comment. (n.3). However, whether counted or not, this sentence does not affect his career offender status because he also had a conviction for importation of morphine in 1982.
 
 
 6
 Having warned Danko during the Fed.R.Crim.P.11 hearing that he could not withdraw his plea if the sentence was higher than he hoped, the district court did not abuse its discretion in ruling that Danko's higher than expected sentence was not a fair and just reason for withdrawal of his guilty plea. See United States v. Lambey, 974 F.2d 1389, 1393-96 (4th Cir.1992).
 
 
 7
 The district court was not required even to entertain Danko's challenge to the voluntariness of his prior counseled guilty plea in state court. Custis v. United States, 62 U.S.L.W. 4346 (U.S.1994); United States v. Byrd, 995 F.2d 536, 540 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994). We therefore find no error in the court's ruling that the sentence was properly counted.
 
 
 8
 Because Danko forced the government to prepare for trial before deciding to plead guilty, and did not make a timely disclosure of his involvement in the offense, we find no abuse of discretion in the denial of a three-level reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n.6). Finally, Danko claims that he received ineffective assistance of counsel during sentencing. Ineffectiveness does not appear on the face of the record below, and we decline to address this issue on direct appeal. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 9
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992)