41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren Mallie GOLDSTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Vander WIGGINS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon Ivan GOLDSTON, Defendant-Appellant.
 Nos. 94-5122, 94-5123, 94-5129.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 18, 1994.
Decided November 18, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-93-164-1, CR-93-164-7, CR-93-164-2)
 William E. Martin, Federal Public Defender, Greensboro, NC; Eric D. Placke, Asst. Federal Public Defender, Greensboro, NC; W. David Lloyd, Greensboro, NC; William C. Ingram, Greensboro, NC, for appellants. Walter C. Holton, Jr., U.S. Atty., Sandra J. Hairston, Sp. Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Warren Mallie Goldston, Vernon Ivan Goldston, and Lee Vander Wiggins were charged with conspiring to distribute more than fifty grams of crack cocaine in Durham, North Carolina, in violation of 21 U.S.C.A. Secs. 846, 841 (West Supp.1994) (Count One). All three entered guilty pleas to this count. The Goldstons were also charged with possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (Count Two), and pled guilty to this charge. Count Three charged both Goldstons with using and carrying a firearm in a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Count Four charged Ivan Goldston with being a felon in possession of a fire arm, 18 U.S.C.A. Sec. 924(g)(1) (West Supp.1994). The Goldstons went to trial on the firearms charges, and were convicted.
 
 
 2
 Warren Goldston was sentenced to serve 360 months followed by a 60-month consecutive term of incarceration. Ivan Goldston was sentenced to 324 months with a 60-month consecutive term. Wiggins was sentenced to a 60-month term. All three appeal their sentences. The Goldstons contend that the district court erred in denying them an adjustment for acceptance of responsibility under guideline section 3E1.1.[1] Wiggins claims that the court erred in refusing to hear his challenge to the validity of one of his prior convictions. We affirm.
 
 
 3
 The district court found that the Goldstons had not earned an acceptance of responsibility reduction because they denied their factual guilt on the weapons charges at trial. See USSG Sec. 3E1.1, comment. (n.2). The Goldstons argue that the court improperly considered the weapons counts in determining whether they had accepted responsibility because those counts did not ultimately affect the calculation of the guideline range,[2] and thus were not relevant conduct. The argument is off the mark because under section 3E1.1 a defendant has the burden of showing that he has truthfully admitted the conduct comprising the offense(s) of conviction. USSG Sec. 3E1.1, comment. (n.1(a)). The Goldstons were convicted of the weapons counts, making that conduct necessarily relevant conduct under guideline section 1B1.3(a) (all acts that occurred during the commission of the offense of conviction), and conduct which the district court was required to consider in determining whether they had accepted responsibility.
 
 
 4
 The district court found that Wiggins was a career offender based on his prior state convictions for cocaine trafficking and assault resulting in serious injury. USSG Sec. 4B1.1. Wiggins attempted to challenge the constitutional validity of his counseled guilty plea to the assault on the ground that his plea was not informed and voluntary.
 
 
 5
 However, the district court correctly ruled that such an attack was foreclosed. See Custis v. United States, 62 U.S.L.W. 4346 (U.S.1994) (in federal sentencing proceeding, prior conviction may be challenged only on ground that it was obtained in violation of right to counsel); United States v. Byrd, 995 F.2d 536, 540 (4th Cir.1993) (same), cert. denied, 62 U.S.L.W. 3792 (U.S.1994). Wiggins argues that the Supreme Court's decision in Custis is not controlling because it is limited to sentences imposed under 18 U.S.C.A. Sec. 924(e). Recognizing that his position is undercut by our decision in Byrd, which dealt with a career offender sentence and relied on the same reasoning as Custis, Wiggins asks us to reconsider Byrd. In this Circuit, a panel cannot overrule the decision of a prior panel, Brubaker v. City of Richmond, 943 F.2d 1363, 1381-82 (4th Cir.1991), and we would not be inclined to reconsider Byrd in any case.
 
 
 6
 We therefore affirm the sentences imposed on all three appellants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 As mandated by 18 U.S.C.A. Sec. 924(c), both Goldstons received sentences for Count Three which were consecutive to their guideline sentences. Ivan Goldston's felon-in-possession count was grouped with the drug trafficking counts and did not increase his offense level