**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4306

DAVID CARPENTER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-95-904)

Submitted: December 19, 1996

Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele S. Nelson, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Carpenter pled guilty to conspiracy to possess heroin and crack cocaine with intent to distribute, 21 U.S.C.§ 846 (1994), and was sentenced as a career offender to a term of 188 months imprisonment. United States Sentencing Commission, Guidelines Manual § 4B1.1 (Nov. 1995). Carpenter now appeals his conviction and sentence. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in her view there are no meritorious issues. Carpenter has filed a pro se supplemental brief raising numerous issues. After a review of the record, we affirm.

In the Anders brief, counsel questions the adequacy of the district court's Fed. R. Crim. P. 11 inquiry, the propriety of the career offender sentence, and the district court's refusal to depart below the guideline range under either USSG § 5K1.1 or USSG § 5K2.0. We find no merit in any of these issues. The district court conducted a thorough Rule 11 colloquy. Carpenter was correctly sentenced as a career offender because he had previously been convicted of rape and kidnapping in Rhode Island and robbery in South Carolina. The offenses were not related and the sentence in each case was imposed within the applicable time period. USSG § 4A1.2(e). The court did not err in concluding that the government had not breached the plea agreement by refusing to move for a substantial assistance departure under USSG § 5K1.1 because the terms of the agreement did not obligate the government to move for a departure even if Carpenter provided substantial assistance. The record does not disclose that the government refused to make the motion out of any unconstitutional motive; therefore, no remedy was available to Carpenter.* See Wade

_____

*The district court heard defense counsel's representation concerning Carpenter's assistance. The government responded that Carpenter had given conflicting stories to different investigators and finally offered to provide testimony which would please the government in return for release on bond.

2

v. United States, 504 U.S. 181 (1992). The court's subsequent decision not to depart under USSG § 5K2.0 to reward Carpenter for his supposed cooperation is not reviewable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

In his supplemental brief, Carpenter first argues that the district court lacked jurisdiction because § 841 is not constitutional following the Supreme Court's decision in United States v. Lopez, ___ U.S. ___, 63 USLW 4343 (U.S. Apr. 26, 1995) (No. 93-1260). We considered and rejected that argument in United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995). Carpenter's remaining contentions are also without merit. The district court advised him of the statutory maximum penalty he faced (twenty years) before accepting his plea; it was not required to inform him that the penalties for crack offenses are higher than for cocaine offenses or what the applicable guideline range would be. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). Because Carpenter was sentenced under § 841(b)(1)(C), he was not subject to a mandatory minimum sentence. Carpenter agreed at the Rule 11 hearing that crack was seized from the car in which he was riding at his arrest, thus relieving the government of the burden of proving that the substance was crack. Congress has purposefully provided higher penalties for crack offenses in § 841, making the rule of lenity inapplicable. United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). The penalty structure does not violate equal protection. Id.

Carpenter also challenges his career offender sentence, alleging that his prior robbery conviction should not have been considered a violent felony because no weapon was used. However, robbery is considered a crime of violence under the guidelines, see USSG § 4B1.2, comment. (n.2), and the sentencing court looks only to the offense of conviction in deciding whether a prior offense is a crime of violence. United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991), cert. denied, 504 U.S. 951 (1992). Carpenter had counsel in connection with the prior offenses which made him a career offender and thus was not entitled to challenge the validity of those offenses before being sentenced. Custis v. United States , 511 U.S. 485 (1994); United States v. Byrd, 995 F.2d 536, 540 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3792 (U.S. May 31, 1994) (No. 93-6385).

3

Moreover, because Carpenter was sentenced under the guidelines, not as a § 841 recidivist, the government was not required to give notice under 21 U.S.C. § 851 (1994) that prior offenses would be used to increase his sentence. United States v. Foster , 68 F.3d 86, 89 (4th Cir. 1995).

Finally, Carpenter argues that his attorney was ineffective. A claim of ineffective assistance may not be brought on direct appeal unless the record conclusively discloses that counsel did not provide effective representation. United States v. Williams , 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 507 U.S. 942 (1993). In the guilty plea context, the defendant must show that, but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The record does not support such a finding here. With regard to his representation at sentencing, we note that, even if Carpenter's sentence had been calculated using the amounts of crack and heroin shown in the page lab report which he submitted with his supplemental brief rather than the slightly larger amounts shown in the presentence report, his base offense level would have remained at 20 because the equivalent amounts of marijuana in either case fall between 40 and 60 kilograms. USSG § 2D1.1(c)(10), comment. (n.10).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

4